**CARROLL et al. v. MORRISON HOTEL CORPORATION et al.**

**No. 8592.**

Circuit Court of Appeals, Seventh Circuit.

May 15, 1945.

Austin L. Wyman and Daniel P. Nagle, both of Chicago, Ill., for appellants.

Joseph B. Fleming, J. Roy Browning, and Joseph H. Pleck, all of Chicago, Ill., for appellees.

Before MAJOR, KERNER, and MINTON, Circuit Judges.

KERNER, Circuit Judge.

Plaintiff[1] sued defendants to recover damages for breach of a contract. Jurisdiction rests upon diversity of citizenship and the requisite amount in controversy. The District Court on motion of defendants under Rule 12(b) (6) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, dismissed the complaint as amended, for failure to state a claim upon which relief could be granted.

The contract involved provided for the leasing of the Terrace Room in the Morrison Hotel. The complaint alleged that one Leonard Hicks was known and advertised by the Morrison Hotel Corporation (hereinafter referred to as Hotel) to the public as Managing Director, which in the hotel business and trade is a title customarily given to one who has complete authority to deal with the public in matters pertaining to the operation of the hotel business, including the making of agreements with respect to occupancy of space in the hotel property; that at Hicks' direction or suggestion, other negotiations occurred with Best, assistant secretary, and Bolt, treasurer or assistant treasurer of Hotel; that Hicks informed Carroll he was taking up the matter with the directors, and at all times led Carroll to believe that he was acting for and on behalf of the corporation and had complete authority to so act; that Hicks never led Carroll to believe he was without actual or apparent authority to act for and on behalf of the corporation. It also alleged that McCahey, president of Hotel, due to other interests, gave very little time to the affairs of Hotel, so when Carroll tendered a contract, McCahey suggested and recommended Bolt as an officer of Hotel. Bolt thus acted under McCahey's direction. Best, in executing the contract, which was signed "Morrison Hotel Corporation, by Frederick J. Best, Assistant Secretary," acted pursuant to Bolt's instructions so to do. On August 14, 1942, the contract was signed by Carroll and by Morrison Hotel Corporation, by Best, assistant secretary, acting under the direction of Hicks.

The complaint also averred that on information and belief Best had actual or apparent authority to execute the contract, but if not, by the acts of the managing director and others associated with Hotel, Best was held out by Hotel as having such authority and the officers caused Carroll to believe Best was so authorized to sign the contract; that both Bolt and Hicks were present when the contract was signed, and assisted in making changes in a draft contract which Carroll had submitted; that immediately upon the execution of the contract, the publicity agent of Hotel person-

---

[1] Carroll assigned the contract to the other plaintiff, Hollywood Theatrical Corporation, with defendants' consent, but this has no significance on this appeal. Hence Carroll is referred to herein as if he were the sole plaintiff.

ally gave the information concerning the contract to the press and a substantial amount of publicity was given to it, whereupon Carroll began rehearsals and "try outs" which were held in the hotel with the consent and approval of Hotel; that he signed contracts for stage costumes, scenery, etc.; that Carroll, after a discussion with Bolt, rented the check room and photography concessions to a reputable lessee for $40,000 annual rental, and a $10,000 check therefor was deposited, which was turned over to and retained by Hotel; that Bolt and Carroll agreed that the first $20,000 was to go to Hotel to pay for most of the cost of alterations to be made by Hotel; that Best agreed in writing on August 26, 1942, to Carroll's assignment of the contract to Hollywood Theatrical Corporation; that Hotel assigned several rooms without charge in the hotel to Carroll for office space; that in the first days in September Carroll held many discussions with Hicks, Bolt, and other Hotel employees concerning structural changes, reconditioning, admission prices to the theatre restaurant, and other administrative matters; that a large painted sign advertising the opening of the theatre restaurant was made for the lobby and placed there by Hotel's employees; that Hotel began demolition work to adapt the Terrace Room to permit a rearrangement of stage facilities; and that by reason of such acts, it was alleged that if there was any question of the officers' authority to make the contract, the contract was ratified by the corporation by its delay in attempting to repudiate it.

The complaint further alleged that on September 4, 1942, Hicks informed Carroll for the first time that he was "having a little difficulty" in connection with the contract, and on September 8 Hicks telephoned Carroll that his "directors were kicking up a fuss" and it would be better if rehearsals were not held in the hotel for the time being; that Carroll asked to meet McCahey and the board of directors but was not permitted to do so; that on September 11, Hicks told Carroll that the board of directors would not sanction the contract, and on September 14, Hicks delivered a written letter signed by McCahey as president of Hotel, disaffirming the contract.

The complaint alleged further that if Hotel was not bound by the contract, then the defendants Hicks, Bolt, and Best are personally liable, Best for having signed it, Bolt and Hicks for having induced the making thereof, and by their acts and words having stated and implied that they had authority to act for the Morrison Hotel Corporation.

By way of damages Carroll asks $26,820 spent in securing the contract and attempting to perform it, for stage and musical talent, hotel and transportation costs, costumes, and stage appurtenances, and a large sum for profits that would have resulted. Damages are not important to a decision of the ruling presented by this appeal, so we put aside the arguments made in the briefs about them.

On a motion to dismiss on the ground that the complaint does not state a claim on which relief can be granted, the rule is that the complaint must be viewed in the light most favorable to plaintiff and the truth of all facts well pleaded, admitted, Galbreath v. Metropolitan Trust Co., 10 Cir., 134 F.2d 569. This includes facts alleged on information and belief. There is no specific provision covering such allegations in the Federal Rules of Civil Procedure, but Rule 8(f) states that "All pleadings shall be so construed as to do substantial justice"; consequently to refuse to give credence to them on defendants' motion to dismiss would be opposed to the spirit of the Rules. Furthermore, Rule 11 provides that the signature of an attorney to the pleading is a certificate that "to the best of his knowledge, information, and belief" there appears to be good ground to support the pleading; so the concept of "information, and belief" is recognized under the Rules, and there appears to be no good reason why such pleading is not permissible, as in the instant case, where the matters are peculiarly within the knowledge of the defendants.

It has also been held that the complaint should not be dismissed unless it appears certain that plaintiff is not entitled to relief under any state of facts which could be proved in support thereof, Leimer v. State Mut. Life Assur. Co., 8 Cir., 108 F.2d 302, and Tahir Erk v. Glenn L. Martin Co., 4 Cir., 116 F.2d 865. No matter how likely it may seem that the pleader will be unable to prove his case, he is entitled, upon averring a claim, to an opportunity to try to prove it, Continental Collieries v. Shober, 3 Cir., 130 F.2d 631, 635.

In support of the motion to dismiss, defendants asserted three grounds: (1)

That the contract was not enforceable because it had not been approved by the United States District Court which had "jurisdiction, supervision and control" over the Morrison Hotel Corporation; (2) that the complaint did not set forth the essential elements of a claim against Hotel; and (3) that the complaint did not set forth the essential elements of a claim against Hicks, Bolt or Best, or any of them. The trial judge gave as his reasons for dismissing the complaint that the contract was not executed in a manner binding upon the corporation and that the District Court, in prior reorganization proceedings, had retained jurisdiction to pass upon such contracts, so that Carroll was negligent in dealing with the officers and managers of Hotel without obtaining court approval.

Ordinarily upon a defendant's motion to dismiss, the court may consider only the allegations of the complaint. These alone, under such a motion, are to be taken as true. In our case, in support of the motion to dismiss, defendants submitted an affidavit setting forth that on December 29, 1937, the District Court of the United States for the Northern District of Illinois, Eastern Division, entered a decree confirming a modified plan of reorganization in the matter of Moir Hotel Company, Morrison Hotel Corporation's predecessor, providing, inter alia, that the court "expressly reserves jurisdiction * * * to supervise the operations of said property by said new corporation * * * until the entry of a final decree herein, and to hereafter determine the method by which the new corporation is to have direct and unfettered control over the operation of its business."

Whether or not a motion to dismiss for failure to state a claim may be supported by affidavits has been the subject of much controversy under the Federal Rules. Prior to the Rules it was generally held that a "speaking demurrer" would not be entertained—i.e., that on a demurrer or motion to dismiss the court could look only to the allegations of the pleading attacked and could not consider matters outside the pleading. Moore's Federal Practice, vol. 4, p. 166. This court, like the Third Circuit, Gallup v. Caldwell, 3 Cir., 120 F.2d 90, and several of the other Circuit Courts of Appeal, where the affidavit raised no fact controversy, but a question of law, has approved the practice of considering the affidavit. See Weeks v. Bareco Oil Co., 7

Cir., 125 F.2d 84. We shall therefore consider the legal question raised.

In considering whether the contract had to be submitted to the court in order to become binding, it must be remembered that Carroll was not a party to the Moir Hotel Company reorganization proceeding and had no knowledge or notice of it; that Hotel had its deed, was in possession and had duly appointed officers; and that the instant negotiations and contract occurred in 1942, nearly five years after the reorganized corporation was formed. It is worthy of note, too, that the decree shows that great care was taken to provide certain subjects on which Hotel could not deal without court approval. Except in the specified subjects which are expressly mentioned, the decree does not appear to destroy the power of the management to function in the usual manner, pursuant to the corporate charter and without application to the court. It is true that the court retained rigid control over the personnel who were to direct Hotel, as is brought out by the fact that the corporate stock was placed in the hands of trustees, not issued to the stockholders, and in voting it they were subject to the court's approval. The decree provides that *"in voting said shares of capital stock at any meeting of the shareholders of the new corporation* [Hotel] the said Trustees shall be subject to the further order and direction of this court, so that pending the final consummation of the Modified Plan of Reorganization this Court shall at all times have jurisdiction of all property and assets of the new corporation, and control and direction of all its acts and doings." Moreover, the president and directors were appointed by the court. This complete power over the choice of the men who were to manage and direct the affairs of Hotel rested in the court, which seems to us to lay the basis for an inference that the court meant to endow his carefully chosen representatives with authority to run the property as their best judgment dictated and hence to lease space on a profitable basis. Acting by and through these representatives, the court exercised its control. Far from saddling Hotel with heavy liabilities, the contract with Carroll must be viewed on this motion to dismiss as a highly profitable opportunity presented to Hotel which was quickly grasped by the court's representatives who were in the best possible position to judge its value. The mere fact that some discre-

tion is involved in making such a lease does not change the situation. There is nothing in the decree to compel the conclusion that the court expected to interfere with and necessarily had to ratify its representatives' actions. So far as this motion goes, we are restricted to facts appearing of record and in the affidavit supporting their motion defendants do not indicate any particular in which the court has previously interested itself in connection with the management. Many of the authorities cited by defendants treat a situation of a debtor in possession, which is not the same as a reorganized corporation, Morrison Hotel Corporation, here, and neither they nor this decree, viewed as a whole, compel us to construe it as requiring formal approval for an indefinite period of each of Hotel's business commitments. Clinton Trust Co. v. John H. Elliott Leather Co., 2 Cir., 132 F.2d 299, 303. Whatever may appear on trial as to the duty of Hotel's directors and managers to submit such contracts to the court for a formal stamp of approval is beside the point. Viewed in the light most favorable to plaintiff, the facts presently before us do not force the conclusion on this motion that the contract was not binding without being submitted to the court.

 Defendants also contend that the contract is not binding on Hotel because it was not executed by a person having authority. This contention cannot prevail against the amended complaint which alleges that Hotel's agent, Best, had actual authority to execute it. Also, Carroll alleges that Hotel held Best out as having such authority. These two allegations—of actual and apparent authority—raised questions to be settled by trial. It may be that on the trial it will appear that Best had no such authority so that defendant Hotel is free of liability, but on a motion to dismiss, Best's authority is admitted. Since Carroll alleged that Hicks was authorized to consummate the contract and that Best, as assistant secretary, acted under Hicks' direction in signing it, and that Hicks told Carroll he was taking the matter up with the directors of Hotel and the contract was *subsequently* executed, we are not willing to rule as a matter of law on this motion to dismiss, where we must draw all inferences in Carroll's favor, that the contract is not binding on Hotel. So far as defendants' argument based on inconsistency of allegations is concerned, it is un-persuasive because of Rule 8(e) (2) of the Federal Rules of Civil Procedure which permits inconsistent allegations. We think that the inconsistency arose from Carroll's fear that if, on trial, actual authority could not be proved, he would be forced to rely on apparent authority. Hence his elaboration of all matters of apparent authority in his complaint. In doing so he is within his rights and should not be taken as waiving what defendants assert is the inconsistent allegation of actual authority. If Best had actual authority, then obviously defendants' argument that Hicks could not delegate his authority becomes immaterial. In other words, this is a matter of proof, not something that may be summarily dismissed. Plaintiff says Hotel's agents had authority. Defendants say no such authority existed. Plainly, this situation presents a triable issue, not one to be decided on a motion to dismiss.

Nothing in the foregoing is to be construed as intimating any opinion as to the ultimate disposition of the case or as to the decision of any particular issue on the trial. Our holding is extremely narrow—simply that, viewing the allegations in the amended complaint most favorably to Carroll, the complaint's allegations are sufficient to withstand defendants' motion to dismiss.

The order appealed from is hereby vacated and the cause is remanded to the District Court.

MAJOR, Circuit Judge (dissenting in part).

I dissent from that portion of the opinion which reverses the order appealed from insofar as it pertains to the Morrison Hotel Corporation because, in my judgment, the corporation was without power to enter into the contract with Carroll without the approval of the District Court, which had by its decree confirming the Modified Plan of Reorganization retained jurisdiction.

In my opinion, this is purely a question of law, to be determined from the provisions of the decree. It appears to me that the majority has decided as a matter of law that the corporation had the authority to enter into the contract with Carroll without the approval of the court and then inconsistently treats the question as factual and leaves it open for proof in the court below. Otherwise, the statements that the defendants "do not indicate any particular in which the court has previously

interested itself in connection with the management" and "whatever may appear on trial as to the duty of Hotel's directors and managers to submit such contracts to the court for a formal stamp of approval is beside the point," are meaningless. I doubt if oral testimony may properly be considered by a court in determining what was intended by the terms of a decree. Especially is that so when the language of the decree is free from doubt, as I think it is in the instant situation.

The record may present a serious question as to whether the court had the authority to approve a plan of reorganization which retained jurisdiction of the debtor and its property without a limitation as to time. There is no occasion, however, to discuss this point inasmuch as it is unnoticed by the majority.

That the court intended to and did retain absolute control over management of the property, as well as the activities of the corporate officers appointed by it, is clearly disclosed. Not only did the court, as pointed out by the majority, "expressly [reserve] jurisdiction * * * to supervise the operations of said property by said new corporation * * *," but it specifically made the trustees appointed by it "subject to further order and direction of this court, so that pending the final consummation of the Modified Plan of Reorganization this Court shall at all times have jurisdiction of all property and assets of the new corporation, and *control and direction of all its acts and doings*." True, as the opinion suggests, there were certain matters specifically mentioned which required court approval, but that such special matters were not intended to limit the general language is dispelled by an introductory clause to such special matters, which provides "that the court hereby expressly reserves full jurisdiction of this cause for all purposes and without limiting the generality of the foregoing, the court hereby expressly reserves jurisdiction." (Then follow the special matters.)

If the language employed does not require approval by the court of the instant contract, it is difficult to conceive of language by which such a result could be accomplished. In considering the provisions of the Plan of Reorganization as approved by the court, it should be kept in mind that the creditors and stockholders agreed to it as approved and that they had a right to rely upon its plain provisions and not what this or some other court might think should have been provided. It was their reliance, no doubt, upon the plan as written which induced the assent of the necessary number as a prerequisite to its submission and approval by the court.

In my view, it is wholly immaterial "that Carroll was not a party to the Moir Hotel Company reorganization proceeding and had no knowledge or notice of it." I would suppose that the status of property determined in a reorganization proceeding as well as the authority conferred upon those in whose possession the property is placed would be binding upon strangers. If such is not the case, the decree of a court fixing such rights would be little more than a useless gesture.

For the reason stated, I would·affirm the dismissal of the action as to the Morrison Hotel Corporation. I agree that a cause of action has been stated as to the individual defendants and therefore approve the reversal of the order as to them.