**Floyd Miller et al., Plaintiffs-Appellants, v. First Granite City National Bank, Defendant-Appellee.**

**Term No. 52–O–14.**

Opinion filed January 30, 1953. Released for publication March 4, 1953.

ROBERT H. RICE, of East St. Louis, and VICTOR B. HARRIS, of St. Louis, Missouri, for appellants.

FORTH & FORTH, of Granite City, for appellee.

MR. JUSTICE SCHEINEMAN delivered the opinion of the court.

Plaintiff, Floyd Miller, and some 360 other individuals, filed a complaint against the First Granite City National Bank to recover certain funds alleged to have been deposited in the bank, consisting of $7,579.12 in a checking account and $2,819.81 in a savings account; also $1,400 in U. S. bonds, which were alleged to have been in a deposit box. Three prior complaints having been stricken on motion, plaintiffs filed the third amended complaint by leave of court.

The complaint does not assert that plaintiffs are actual depositors themselves, nor that they hold any unpaid checks or other assignment of a deposit. The claim appears to be based on plaintiffs' former mem-

bership in a union which was the actual depositor of all the funds and property.

Defendant filed its motion to strike the third amended complaint and to dismiss the suit, on the ground the complaint stated no cause of action, that it shows on its face the money and securities were the property of and deposited by Local No. 106 International Chemical Workers Union, A. F. of L., and plaintiffs had no interest therein; and for other reasons.

The trial court found that the complaint should be stricken and the suit dismissed. Plaintiffs elected to stand by their complaint, and the court thereupon entered judgment of dismissal and that defendant go hence without day.

On this appeal it is urged that plaintiffs had no obligation to plead evidence, that the complaint states a prima facie case, which puts the burden on the bank of proving proper disbursement of the funds. The nature of the supposed prima facie case is not disclosed by the complaint, nor in the argument, other than the fact that plaintiffs were, at a prior specified date, members of the local union, which was the depositor.

Upon what basis does membership in a union at a past time (or even currently) give these individuals the personal right to demand that the bank pay over to them, individually or collectively, funds belonging to the union and deposited by it? Neither the complaint nor the brief herein states any legal or factual basis for such a claim.

Of necessity, some person or persons had to have signatures on file at the bank, with authority to sign checks on the union account. The bank's obligations with respect thereto are subjects of law. The complaint fails to set forth any deviation by the bank from its legal obligations, or any basis whereby the bank could legally pay any of the union's funds to plaintiffs.

Plaintiffs cite *Chicago Savings Bank v. Block,* 126 Ill. App. 128, to the effect that in an action by a *depositor* against a bank, the bank has the burden of showing disbursements were upon proper authority. The argument ignores the failure of this complaint to allege that any plaintiff was a depositor.

The complaint uses the words, "wrongfully," and "negligently," applied to the bank's actions with no facts from which the court could find the bank had been either wrong or negligent, or that plaintiffs are the persons to complain. The applicable rules of law are as follows: A bank need only accept deposits it may choose and on terms and conditions on which it will accept the deposit. *McCormick v. Hopkins,* 287 Ill. 66.

When a checking account is opened and a deposit made, a contract is made as to how and by whom the money may be drawn out, and when payment is made according to that agreement the bank is discharged from further liability. *Richfield National Bank v. American Surety Co.,* 39 F. (2d) 387.

A bank cannot legally pay out funds except upon the approval and signature it has been instructed is necessary. *National City Bank v. Harbin Elec. Co.,* 28 F. (2d) 468, 61 A. L. R. 961.

If a bank fails to honor correctly a check properly drawn and signed, it becomes liable. *U. S. Cold Storage Co. v. Central Mfg. Dist. Bank,* 343 Ill. 503, 175 N. E. 825, 74 A. L. R. 811; *American Bank & Trust Co. v. Federal Reserve Bank,* 256 U. S. 350, 65 L. Ed. 983, 41 S. Ct. 499.

Subject to certain exceptions, a savings account can only be withdrawn upon presentation of the deposit book. If the book gets into unauthorized hands, the rights and liabilities of the bank and depositor are subject to the contract between the parties pertaining

351

to the deposit. 87 Am. Jur. Banks, secs. 614, 618. Before paying without presentment of the book, the bank may require an indemnifying bond. Id. sec. 616.

 And, of course, the relation between a safety-deposit-box lessee and the bank is that of bailor and bailee, subject to the terms of the contract between them, which, according to usual custom, requires, for access to the box, both the key and the signature of a designated person.

Applying these rules of law to the complaint in this case, we observe it fails to state facts showing plaintiffs were authorized to sign checks on the commercial account, or possess the book for the savings account, or the key to the box, or the signature to claim its contents. It does not allege any contract with the bank, the union, or among the members thereof, which could create a right in plaintiffs to withdraw any of the funds. It does not allege that the bank paid out funds on unauthorized signatures, or on forged signatures, or to someone other than a designated payee, or to someone without the savings book, or that it admitted anyone other than the contractually-authorized persons to the safety box. It does not allege any check or assignment from the depositor to any of plaintiffs, or any facts or law which could constitute such an assignment.

 Defendant, by affidavit attached to its motion, asserted that the union had a charter and by-laws pertaining to its funds. We do not deem it necessary to consider any of such provisions, or charter rights. Even if they provided for a distribution of funds upon dissolution of the union, or partial distribution to withdrawing members, that would not require the bank to make such partial or total distribution except upon properly drawn and signed checks.

 Of course, if these individuals secured a judgment against a depositor of the bank, such judgment

could be made the basis of garnishment of the bank as a debtor of its depositor. Or a judgment or decree in a suit between claimants to the fund may be enforced. Appellants' position amounts to an attempt to by-pass such procedure by suit against the bank for the deposit, on the theory that the bank, rather than the depositor, is obligated to come into court and defend against the legality or justice of the claim. There is no such rule of law or procedure.

 Appellee's argument is forceful that the complaint does not even disclose any interest of plaintiffs in any of the funds or securities which they could assert against the union, its officers, or anyone else. But this decision is confined to the suit against the bank. Since the complaint fails to allege that the bank has any funds deposited in plaintiffs' names, nor any facts which give plaintiffs a right to demand from the bank funds or securities which are not deposited in plaintiffs' names, or the name of any of them, no cause of action is stated, and the court properly dismissed the complaint and entered judgment for defendant. The judgment is affirmed.

*Judgment affirmed.*

BARDENS, P. J. and CULBERTSON, J., concur.