**SYRACUSE BROADCASTING CORP. v. NEWHOUSE et al.**

No. 4548.

United States District Court
N. D. New York.

Argued Dec. 22, 1952.

Submitted Jan. 7, 1953.

Decided Feb. 4, 1953.

Reargued Feb. 23, 1953.

Decided March 5, 1953.

BRENNAN, Chief Judge.

The defendants have moved to reargue the motion in this case. The motion was entertained, reargument made, and the Court has concluded that the prior decision of this motion, filed on February 6, 1953, should be withdrawn and this decision substituted therefor.

Plaintiff brings this action under the provision of the Acts of Congress relating to Commerce and Trade, familiarly known as the "Sherman" and "Clayton" Acts. 15 U.S.C.A. §§ 1, 2, 13, 13(a) and 15. The complaint alleges in substance a combination and conspiracy to monopolize interstate commerce and trade in the dissemination of news and advertising, all in violation of law and to the particular damage of the plaintiff.

The immediate problem before the Court arises out of a motion made in behalf of defendants to dismiss the complaint because of lack of jurisdiction of the person and subject matter, and because of the insufficiency of process. Federal Rules of Civil Procedure, rule 12(b), 28 U.S.C.A. The burden of the motion is based upon the claim that the present action has not been authorized by the board of directors.

As a preliminary matter, the motion papers will be briefly discussed. The motion states " * * * with particularity the grounds therefor * * *" as required by F.R.C.P. rule 7(b)(1), but actually no showing is made that there is lack of jurisdiction. 15 U.S.C.A. § 15. Likewise, there is no showing that process in this action is in any manner insufficient. Technically the motion might fail without further discussion, but it is deemed advisable to discuss briefly the procedural requirements which prevent the court reaching the merits involved.

 This motion is made prior to the filing of an answer. The plaintiff corporation is a creature of New York State statutes. The definition of its powers and the means of the exercise thereof must be found in the New York State law. The action, however, being brought in this

Smith & Sovik, Syracuse, N. Y., Laurence Sovik, Syracuse, N. Y., of counsel, for plaintiff.

Bond, Schoeneck & King, Syracuse, N. Y., Tracy H. Ferguson, Syracuse, N. Y., of counsel, for defendants.

court, the procedural requirements are governed by federal practice, and the Federal Rules of Civil Procedure are applicable thereto.

The moving parties' contention on this motion as above stated is that the present action has not been authorized by the board of directors. This is a matter of avoidance, and, if relied upon, shall be pleaded in the answer as required by Rule 8(c), Federal Rules of Civil Procedure.

"Rule 8(c) of the Rules of Civil Procedure requires that accord and satisfaction, estoppel, fraud, payment, release, waiver, 'and any other matter constituting an avoidance or affirmative defense' must be set forth affirmatively. If this is to be an issue, defendant must answer the complaint before it can be heard upon it." Cohen v. United States, 8 Cir., 129 F.2d 733, at page 737.

"Moreover, a motion to dismiss would not be proper for the reason that by Rule 8, paragraph (c) Federal Rules of Civil Procedure, 28 U.S.C.A., the defense would be an affirmative one and should be raised by answer. It would follow that the motion to dismiss should be and will be overruled." Wright v. R. & L. Market, D.C., 9 F.R.D. 559, at page 560.

See also Schmidtke v. Conesa, 1 Cir., 141 F.2d 634, at page 635; Jack Mann Chevrolet Co. v. Associates Inv. Co., 6 Cir., 125 F.2d 778, at page 784; Tractor & Equipment Corp. v. Chain Belt Co., D.C., 50 F. Supp. 1001, at page 1006.

The procedural scheme contemplated by the Rules appears also to preclude the consideration of the basic question involved here, since Rule 12(b) enumerates the defenses which may be made by motion. Bowles v. Glick Bros. Lumber Co., 9 Cir., 146 F.2d 566, at page 568. The authority of a corporation to maintain an action does not appear to be so enumerated.

The parties are not, however, without the right to raise the question involved here by motion prior to trial. The Court is impressed that same can be determined by a motion made by the plaintiff which would raise the legal sufficiency of the avoidance pleaded, F.R.C.P., rule 12(f), or same could be determined by motion of defendants for judgment on the pleadings. F.R.C.P., rule 12(c). If the determination of facts are necessary for the decision, such facts can be developed as suggested in United States v. Ascher, D.C., 41 F.Supp. 895, at page 897.

The Court is convinced that the prior decision of this motion is without warrant under the procedures available in this Court. The Decision and Order filed February 6, 1953 are, therefore, withdrawn and vacated, and this decision is substituted therefor.

The motion is in all respects denied, without prejudice, and it is so Ordered.