Henry M. JUNG et al., Plaintiffs-Appellants,

v.

K. & D. MINING CO., Inc., et al., Defendants-Appellees.

No. 12048.

United States Court of Appeals Seventh Circuit.

Oct. 28, 1958.

Rehearing Denied Dec. 16, 1958.

**608**

Zeamore A. Ader, Chicago, Ill., for appellants.

Floyd F. Shields, Chicago, Ill., Samuel J. Wettrick, Seattle, Wash., for appellees.

Before MAJOR, SCHNACKENBERG and PARKINSON, Circuit Judges.

PARKINSON, Circuit Judge.

On March 25, 1957, some two years after the District Court had denied a motion of the plaintiffs to vacate an order dismissing their complaint for the reason "that no cause of action has been stated", the plaintiffs filed a written statement electing to stand on their complaint, as amended. The District Court thereupon entered an order dismissing plaintiffs' cause of action. This appeal followed.

The complaint, as amended, is in two counts. Count I seeks recovery of money plaintiffs paid for securities sold to them by the defendants in alleged violation of the Securities Act of 1933, as amended, and the Securities Exchange Act of 1934, as amended, 15 U.S.C.A. §§ 77a et seq. and 78a et seq., respectively. Count II is in the form of a common law action for fraud.

The District Court filed a written memorandum holding that there was no sale of securities within the meaning of the aforementioned Acts and held as "no cause of action has been stated under those Acts, the Complaint will be dismissed."

The core question presented to us on this appeal is whether the complaint does or does not state a claim upon which relief can be granted. This question must be resolved against the backdrop of the Federal Rules of Civil Procedure, 28 U.S.C.A., which do not require the alleging of facts sufficient to constitute a cause of action but only a short and plain statement of the claim showing that the pleader is entitled to relief, and the well-settled rule of pleading thereunder that on a motion to dismiss, a complaint should be construed in the light most favorable to plaintiff with all doubts resolved in his favor; and in view of what is alleged, with all allegations well pleaded being taken as true, if it can reasonably be conceived that the plaintiff can make a case upon trial which would entitle him to some relief the complaint should not be dismissed. Tahir Erk v. Glenn L. Martin Co., 4 Cir., 1941, 116 F.2d 865, 867 and 869; Continental Collieries v. Shober, 3 Cir., 1942, 130 F.2d 631, 635; Cool v. International Shoe Co., 8 Cir., 1944, 142 F.2d 318, 320; Carroll v. Morrison Hotel Corporation, 7 Cir., 1945, 149 F.2d 404, 406; Asher v. Ruppa, 7 Cir., 1949, 173 F.2d 10, 12.

Title 15 U.S.C.A. § 77l makes the seller liable to the purchaser for the consideration paid when he "sells a security * * by the use of any means or instruments of transportation or communication in interstate commerce or of the mails, by

means of * * * oral communication, which includes an untrue statement of a material fact * * *."

Title 15 U.S.C.A. § 77b(1) defines the term security as follows:

"The term 'security' means any note, stock, treasury stock, bond, debenture, evidence of indebtedness, certificate of interest or participation in any profit-sharing agreement, collateral-trust certificate, preorganization certificate or subscription, transferable·share, investment contract, voting-trust certificate, certificate of deposit for a security, fractional undivided interest in oil, gas, or other mineral rights, or, in general, any interest or instrument commonly known as a 'security', or any certificate of interest or participation in, temporary or interim certificate for, receipt for, guarantee of, or warrant or right to subscribe to or purchase, any of the foregoing."

■ A complaint which alleges, in addition to the jurisdictional requirements, the sale of a security, as defined by the Act, by means of an oral communication, which includes an untrue statement of a material fact, made in interstate commerce states a claim upon which relief can be granted under 15 U.S.C.A. § 77l.

■ Both counts of the complaint, as amended, contain these allegations. The only question as to Count I is whether a sale of a security within the Act is properly alleged.

The defendants contend that all that is alleged is a joint venture and that there was no sale by the defendants to the plaintiffs.

Apart from the fact that the complaint alleges that the defendants issued and sold to the plaintiffs shares of the common capital stock of K. & D. Mining Co., Inc. and that the "[d]efendants sold said securities to plaintiffs by means of oral communications as well as by means of prospectus", the complaint alleges facts, which if proven upon the trial, would establish that the plaintiffs invested their money in a common enterprise whereby they were led to expect profits solely from the efforts of the defendants as the promoters and not from any effort or activity on the part of the plaintiffs except their financial contribution. This would constitute an "investment contract" within the definition of a "security" under 15 U.S.C.A. § 77b(1). S. E. C. v. W. J. Howey Co., 1946, 328 U.S. 293, 66 S.Ct. 1100, 90 L.Ed. 1244. We, therefore, hold that Count I of the complaint, as amended, alleges a sale of securities by the defendants to the plaintis within the Act and states a claim upon which relief can be granted.

■ Title 15 U.S.C.A. § 77v vests jurisdiction of any suit or action to enforce liability under the Act in the federal district courts and permits venue to be laid in the district where the sale took place, if the defendant participated therein, with authorization of service of process in any district of which the defendant is an inhabitant or wherever he may be found.

■ The complaint alleges that the sale took place in the Northern District of Illinois. Accordingly the District Court for the Northern District of Illinois had jurisdiction of the parties to and the subject matter of Count I of the complaint, as amended. Deckert v. Independence Shares Corp., 1940, 311 U.S. 282, 289–290, 61 S.Ct. 229, 85 L.Ed. 189; Wilko v. Swan, 1953, 346 U.S. 427, 431, 74 S.Ct. 182, 98 L.Ed. 168. Although Count II of the complaint, as amended, is a common law action for fraud, the federal question averred in Count I is certainly not wanting in substance and the District Court having jurisdiction thereof may retain and dispose of Count II. Hurn v. Oursler, 1933, 289 U.S. 238, 246, 53 S.Ct. 586, 77 L.Ed. 1148; Errion v. Connell, 9 Cir., 1956, 236 F.2d 447, 454.

Judgment reversed and cause remanded with instructions to deny the defendants' motion to dismiss the complaint, as amended.