## ABERDEEN HILLS SECOND CORPORATION

v.

**Joseph J. BIAFORE, Helen Biafore, J. J. Biafore, Inc., Bidi Corporation, Stafore Corporation, Developers of Oxford Park, Inc., Oxford Park Holding Company, Inc., and Sephlen Corporation.**

**Civ. A. No. 27133.**

United States District Court
E. D. Pennsylvania.
Jan. 7, 1960.

———————

Pace Reich, Philadelphia, Pa., Martin H. Philip, Slatington, Pa., Leon H. Kline, Philadelphia, Pa., for plaintiff.

John Swartz, Morris L. Rush, Philadelphia, Pa., for defendants.

EGAN, District Judge.

This is a motion by the defendants to dismiss the complaint on the grounds that the plaintiff corporation was not duly authorized to maintain this action and that as to the corporate defendants the complaint does not adequately state a cause of action against them.

■■ On a motion to dismiss, all the facts well pleaded in the complaint must be taken as admitted.

"It is also well-settled that on a motion to dismiss the complaint must be viewed in the light most favorable to the plaintiff and that the complaint should not be dismissed unless it appears to a certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of his claim; further, no matter how likely it may seem that the pleader will be unable to prove his case, he is entitled, upon averring a claim, to an opportunity to try to prove it." Frederick Hart & Co. Inc. v. Recordgraph Corporation, 3 Cir., 1948, 169 F.2d 580, 581.

See also Continental Collieries Co. v. Shober, 3 Cir., 1942, 130 F.2d 631; Carroll v. Morrison Hotel Corp., 7 Cir., 1945, 149 F.2d 404.

The suit on its face is an action by Aberdeen Hills Second Corporation, a Maryland corporation, against the individual defendants who are residents of Pennsylvania, and the corporate defendants who are Pennsylvania corporations. It seeks an accounting of the individual defendants for moneys which they, as officers and managers of plaintiff corporation, are alleged to have collected for the plaintiff and which they converted to their own use and that of the corporate defendants.

■ Since this action is by the plaintiff corporation to recover funds which are allegedly due it from the defendants, it must be deemed *prima facie* to have authority to maintain the action. If, in fact, this suit is improperly brought by plaintiff corporation, the question must be raised as an affirmative defense being a matter of avoidance in accordance with Rule 8(c), Fed.R.Civ.P. 28 U.S.C. On this phase of the case, we rely upon and agree with the conclusion reached in the case of Syracuse Broadcasting Co. v. Newhouse, D.C., 14 F.R.D. 168.

The defendants, as an additional ground, aver that the complaint is improper and defective because it fails to assert or establish a cause of action as to the corporate defendants. For similar reasons and on the same authorities cited above, this motion must also fail.

The motion to dismiss will be denied without prejudice.