**UNITED MILK PRODUCTS COMPANY, a Delaware Corporation, Plaintiff-Appellant,**

v.

**MICHIGAN AVENUE NATIONAL BANK OF CHICAGO, a National Banking Association, Defendant-Appellee.**

**No. 16607.**

United States Court of Appeals Seventh Circuit.

July 8, 1968.

Rehearing Denied Oct. 9, 1968.

Harold S. Lansing, Bernard M. Kaplan, Nicholas Manos, Donald Manion, Chicago, Ill., for appellant.

Samuel W. Block, John G. Stifler, George G. Kelly, John J. Kelly, Chicago, Ill., Raymond, Mayer, Jenner & Block, Chicago, Ill. of counsel, for appellee.

Before DUFFY, Senior Circuit Judge, SCHNACKENBERG and CUMMINGS, Circuit Judges.

DUFFY, Senior Circuit Judge.

Authority to bring the instant suit was granted by the United States District Court for the Northern District of Illinois, in connection with a certain Plan of Arrangement under Chapter XI of the Bankruptcy Act.

When defendant filed its answer to the complaint, it also filed a motion to strike certain allegations in the complaint on the ground that they were "immaterial to the issues therein." There was no challenge in the motion as to the sufficiency of the complaint to state a cognizable cause of action or claim against the defendant.

On October 3, 1967, the District Court entered a minute order, without a written opinion, concluding that plaintiff's

complaint "fails to state a claim upon which relief can be granted" and dismissed the complaint.

Although in the case at bar, defendant did not make a motion to dismiss the complaint for failure to state a claim upon which relief could be granted, yet, it was upon this exact ground that the District Court entered an order dismissing the complaint herein. Therefore, the rule to be applied is the same as though such a motion had been made.

"The general rule in appraising the sufficiency of a complaint for failure to state a claim is that a complaint should not be dismissed ' * * * unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " United States v. White County Bridge Commission, et al., 275 F.2d 529, 535 (7 Cir., 1960).

This Court has also stated the rule in the following language: "The core question presented to us on this appeal is whether the complaint does not state a claim upon which relief can be granted. This question must be resolved against the backdrop of the Federal Rules of Civil Procedure, 28 U.S.C.A., which do not require the alleging of facts sufficient to constitute a cause of action but only a short and plain statement of the claim showing that the pleader is entitled to relief, and the well settled rule of pleading thereunder that on a motion to dismiss, a complaint should be construed in the light most favorable to plaintiff with all doubts resolved in his favor; and in view of what is alleged, with all allegations well pleaded being taken as true, if it can reasonably be conceived that the plaintiff can make a case upon trial which would entitle him to some relief the complaint should not be dismissed." Jung et al., v. K. and D. Mining Co., Inc., et al., 260 F.2d 607, 608 (7 Cir., 1958).

In the complaint filed herein, jurisdiction is predicated on diversity of citizenship between the parties, and the application of sections 67(d), 70(e) and 311 of the Bankruptcy Act (11 U.S.C. §§ 107(d), 110(e) and 711).

We must take as established that during the period from January 20, 1964 to March 5, 1965, at Chicago, the Bank's officers or officials engaged in negotiations with Ivan Z. Ezrine (Ezrine), Melvin S. Rosen (Rosen) and Bernard H. LaLone, Jr. (LaLone), all of New York, and all purporting to act in behalf of United (the plaintiff herein), for a $600,000 loan to be made by the Bank to enable Ezrine and Rosen to acquire control of Powr-Pak Industries, Inc., and to effectuate a merger between United and Powr-Pak. Ezrine, Rosen and LaLone proposed that the loan by the Bank be made through the medium of Glendale, Inc., a New York Corporation. The Bank was informed Glendale was a holding company, wholly owned and controlled by Ezrine and his wife and Rosen.

The Bank refused to consider making the $600,000 loan through the medium of Glendale, and instead, insisted that any proposed loan be made directly to United, and then only for the working capital purposes of United. The proposed $600,000 loan was initially rejected on February 27, 1964, and again rejected on or about March 9, 1964.

On March 9, 1964, the Bank approved a $250,000 bank loan to United, the purpose of said loan being for working capital of United.

Two separate checking accounts were opened by the Bank in the name of United Milk Products Company: a) a regular account designated as No. 911–228–8 was opened on March 9, 1964 to which account the Bank credited by credit memorandum a sum of $100,000 of the bank loan proceeds; and b) a special account designated as No. 911–240–4 opened on March 13, 1964, to which the Bank credited the sum of $150,000 of the bank loan proceeds.

Plaintiff herein claims the defendant Bank breached its fiduciary and contractual duties 1) by carelessly and negligently disbursing $99,500 from United Milk's regular checking account, No. 911–228–8, to Glendale, Inc. in response to

Ezrine's telegram of March 9, 1964, in violation of the limitation of authority contained in the bank depository resolution form filed by United which authorized the Bank to honor checks, drafts and orders only when signed by two authorized officers of United; 2) by carelessly and negligently paying out and disbursing solely on Ezrine's oral direction in two long distance telephone calls, the sum of $150,000 out of United Milk's special checking account, No. 911–240–4 to Glendale, Inc. and B. H. Lalone Co., Inc. without an existing and duly enacted appropriate corporate bank resolution from United Milk authorizing the disbursements.

The complaint further alleged the Bank owed a fiduciary duty and a contractual duty to United Milk to exercise reasonable care in the disbursement of the bank loan proceeds, and to obey contractual instructions of United Milk and to act only within the scope of the authority granted to it by United Milk.

The complaint also charged negligent conduct because the Bank disbursed substantial sums in the manner it did within slightly more than a week after approving said loan for "working capital" purposes, and that the Bank knew that such purposes were totally unrelated to the "working capital" purposes for which the bank loan was granted.

We shall consider first the allegations of the complaint with reference to United Milk Products Company's regular account designated No. 911–228–8. The sum of $100,000 had been placed in this account. A corporate bank depositary resolution was on file which authorized the Bank to honor checks, drafts or orders when signed by two of the four authorized officials of United.

On March 9, 1964, the Bank disbursed $99,500 of the $100,000 on deposit on the basis of a telegram which had, apparently, been sent by Ezrine as his name appeared thereon. No names of any other official of United appeared on the telegram. On March 9, 1964, the Bank did not have on hand any executed bank depositary signature cards applicable to

the general Account No. 911–228–8. Such cards were not received until March 16, 1964.

It seems clear that under the Illinois law which we must apply, a claim was clearly stated upon which relief can be granted. Miller et al. v. First Granite City National Bank, 349 Ill.App. 347, 110 N.E.2d 651, 652 (1953). "When a checking account is opened and a deposit made, a contract is made as to how and by whom the money may be drawn out, and when payment is according to that agreement the bank is discharged from further liability * * * A bank cannot legally pay out funds except upon the approval and signature it has been instructed is necessary."

The situation as to checking account No. 911–240–4 is slightly different. The Bank disbursed the $150,000 loan proceeds on March 16 and 19, 1964. At those items, the Bank had neither an applicable corporate bank resolution on hand authorizing disbursements from said special checking account, nor any executed bank depositary cards.

On March 16, 1964, pursuant to a long distance telephone call by Ezrine, the sum of $140,000 was transferred by the Bank from said account to Glendale. On March 19, 1964, again pursuant to a long distance telephone call by Ezrine, the Bank transferred the balance of $10,000 to B. H. LaLone Company. The complaint further alleges that no part of the $249,500 bank loan proceeds disbursed by the Bank ever inured to the benefit of United; that neither Glendale nor B. H. LaLone Company ever gave any consideration to United for the transfer of United's funds to them.

We think the instant case is controlled by our decision in Maley v. East Side Bank of Chicago, 361 F.2d 393 (7 Cir., 1966). In Maley, we stated the issues as "This is an action by a trustee in bankruptcy for a corporation to recover from a bank the amounts of checks payable to the corporation but cashed or deposited by the president and sole shareholder of the corporation for his own benefit." 361 F.2d at p. 395

We recognized in Maley that it was well settled that courts would impose a high standard of contractual responsibility on depositary banks to pay checks in strict accordance with the direction of its depositors and that both depositors and banks are bound by the terms of an unambiguous deposit agreement. We also recognized that a bank cannot legally pay out funds except upon the approval and signature which it has been instructed is necessary. 361 F.2d at page 402

Defendants, however, argue we should follow our decision in United Milk Products Company v. Lawndale National Bank of Chicago, 392 F.2d 876 (1968). In the Lawndale bank case, we said that Maley was not in point, and attempted to distinguish Maley on the basis that "The Bank in Maley paid checks in clear violation of a corporate resolution and under suspicious circumstances that ought to have put the bank on notice."

In the case at bar, the Bank also paid money in clear violation of a corporation resolution and under suspicious circumstances that should have put the Bank on notice.

Suspicious circumstances alleged in the complaint are that Ezrine, Rosen and LaLone sought a loan of $600,000 from the Bank for the purpose of enabling Ezrine and Rosen to acquire control of Powr-Pac Industries, Inc., and to effect a merger between United Milk and Powr-Pac, Inc.; that these three men proposed to the Bank that the loan be made through Glendale, Inc.; that the Bank rejected the proposed $600,000 loan through Glendale and instead, loaned to United the sum of $250,000 for the specific purpose that United Milk use the money for working capital; that when the Bank was ordered to pay a total of $249,500 to Glendale, Inc. and B. H. LaLone Co., Inc. it should have been suspicious that the money was not being used for working capital but for some other purpose.

In the Lawndale case, drawing an inference, we said that if the Bank had made further inquiry, the authority of Ezrine and Rosen would have been confirmed. We also concluded the alleged negligence of the Bank was not the cause of injury to United.

In the case at bar, we are not permitted to draw inferences favorable to the Bank. Any inference drawn must be favorable to the plaintiff, United. Caroll et al. v. Morrison Hotel Corp. et al, 149 F.2d 404, 406 (7 Cir., 1945); Melo-Sonics Corp. v. Cropp et al., 342 F.2d 856, 859 (3 Cir., 1965).

Of course, when a trial on the merits is reached, it is possible that inferences will be supplanted by evidence, but United is entitled to have a trial on the merits.

Bona fide complaints should be carried to an adjudication on the merits. "The basic purpose of the Federal Rules is to administer justice through fair trials, not through summary dismissals. * * *" Surowitz v. Hilton Hotels Corp., et al., 383 U.S. 363, 373, 86 S.Ct. 845, 15 L.Ed.2d 807 (1966). Furthermore, we cannot consider that Ezrine and Rosen are, in fact, United. A trial may show other stockholders and may disclose creditors who would be interested in the outcome of this suit.

We cannot say that it appears from the complaint beyond doubt that the plaintiff can prove no set of facts in support of its claims which would entitle it to relief.

The Judgment dismissing the complaint for failure to state a claim upon which relief can be granted is reversed and the cause is remanded with directions to the District Court to reinstate the complaint and to proceed to trial on the issues raised by the complaint.

Reversed.

CUMMINGS, Circuit Judge (dissenting).

It is true that here the bank paid money in violation of a corporate resolution under arguably suspicious circumstances, but the same situation prevailed in United Milk Products Co. v. Lawndale

National Bank of Chicago, 392 F.2d 876 (7th Cir. 1968). Since that case is factually more similar to this case and was decided subsequently to Maley v. East Side Bank of Chicago, 361 F.2d 393 (7th Cir. 1966), it is controlling and requires affirmance. Therefore, I regretfully dissent.