Adron Paul Brainerd, Plaintiff-Appellant, v. First Lake County National Bank of Libertyville, a Corporation, and William G. Hoskins, Robert O. Dunn and Milutin Djordjevich, et al., Defendants-Appellees.

Gen. No. 69–9.

Second District.

June 10, 1969.

Adron Paul Brainerd, pro se, of Libertyville, appellant.

Hall, Meyer, Fisher, Holmberg, Snook & May, of Waukegan, for appellees.

MR. JUSTICE DAVIS delivered the opinion of the court.

This appeal tests the propriety of the judgment order of the trial court which dismissed the plaintiff's complaint.

The plaintiff, appearing pro se, filed a four-count complaint against the "First Lake County National Bank of Libertyville, a corp., William G. Hoskins, Robert O. Dunn and Milutin Djordjevich, et al., defendants." The four counts of the complaint were preceded by an introductory or synopsis count.

Counts 1 and II charged that the "defendant" improperly debited the plaintiff's account and unlawfully refused to honor his demand for withdrawal of funds; and asserted that by reason of this wanton misconduct, the plaintiff

demanded judgment for $100,000 against each of the defendants.

In Count III, the plaintiff alleged that the defendant, First Lake County National Bank of Libertyville, committed various torts, which presumably included false arrest and malicious prosecution; and in Count IV, he asserted that the "defendant" committed such torts. In these counts he demanded judgment in the sum of $100,-000 against each of the defendants. The complaint was verified and was filed June 14, 1968. The defendants were promptly served with process and an appearance was filed by attorneys on their behalf.

On July 1, notice was mailed to the plaintiff that counsel for the defendants would appear before the motion judge of the 19th Judicial Circuit, Lake County, and move the court to enter an order granting to the defendants an additional thirty days in which to answer or plead to the complaint. Such order was entered July 16.

On August 12, the defendants filed a motion to strike the synopsis count of the complaint in that its subject matter was repeated in Counts I, II, III and IV, and it contained several causes of action pleaded in one count in violation of sections 31 and 33(1) and (2) of the Civil Practice Act. (Ill Rev Stats 1965, c 110, pars 31 and 33(1) and (2).)

The defendants moved to strike the numbered counts for the following reasons:

> In Count I, the plaintiff neither indicated whether one or all, or more than one but less than all of the defendants were charged with a particular act, nor specified which defendant or defendants were so charged; it affirmatively appeared on the face of Count I and its exhibits, that the defendant had complied with section 4–101 et seq. of the Commercial Code (Ill Rev Stats 1965, c 26, pars 4–101 et seq.); no facts were pleaded to show any unlawful

253

act or breach of fiduciary duty by any of the defendants; no facts were pleaded to give rise to any claim for damages; and legal conclusions were asserted by the words, "unlawfully and in breach of fiduciary duty" and "wanton misconduct," without any facts being pleaded in support thereof.

In Count II, the plaintiff failed to plead facts which would show that on the date of his demand, there were sufficient funds in his account to honor his requested withdrawal; and it affirmatively appeared on the face of such count, that the Cashier's check was issued by the defendant Bank at the plaintiff's request and that the purported "stop order" pleaded therein was of no legal effect, pursuant to section 4–303 of the Commercial Code (Ill Rev Stats c 26, par 4–303); and that legal conclusions were asserted by the words, "unlawfully and in breach of fiduciary duty," without any facts being pleaded in support thereof.

In Count III, the plaintiff failed to state a cause of action for malicious prosecution in that it was drafted in a vague and uncertain manner and none of the defendants could determine what particular act or acts they were charged with; the plaintiff endeavored also to allege a cause of action for false imprisonment which was not pleaded in the alternative; and that legal conclusions were asserted by the words, "which was the final determination thereof in favor of the plaintiff," without any facts being pleaded in support thereof.

Count IV failed to state a cause of action because it affirmatively appeared on its face that there was no final determination of the issue in the criminal action; that it was impossible to determine from the face of the complaint whether each defendant was being charged with the acts complained of or whether some defendants were being charged with a par-

ticular act; and that the count was duplicitous in that it attempted to allege therein a cause of action for false arrest and for malicious prosecution in violation of section 33 of the Civil Practice Act (Ill Rev Stats 1965, c 110, par 33).

On August 15, the plaintiff was given leave to file a motion for a summary judgment and the defendants filed a motion to produce memoranda, statements, books of account, documents, etc., relating to the alleged damages. On August 22, the plaintiff filed a motion to overrule the defendants' motion to strike and on August 23, he filed a motion to overrule the defendants' motion to produce and a document called "Motion to Summary Judgment." On August 27, the court heard and denied the plaintiff's motion for summary judgment and continued the defendants' motion to strike until September 26.

On September 17, the plaintiff filed a Motion To Vacate Extension, Motion To Vacate Hearing Date, and Motion To Vacate, all of which were denied on September 20; and on this date, the court set September 27 as the date for hearing on the Motion To Strike, at which time it was argued and allowed. The plaintiff was given leave to file an amended complaint by October 28.

On September 27, the plaintiff moved the court to change judges; and on October 25, moved for a further extension of time within which to file the amended complaint. The motion for an extension of time was based on the fact that an action was pending in the Supreme Court. It was denied. After the filing of the motion to change judges, all further matters were heard by a different judge or judges.

On November 7, the defendants moved the court to enter a final order in accordance with the provisions of section 45 of the Civil Practice Act (Ill Rev Stats 1965, c 110, par 45) and such order was entered November 7, 1968.

Upon appeal, the plaintiff urges that the trial court erred in dismissing his complaint and abused its discretion in refusing to grant him an extension of time within which to file his amended complaint; and that the trial court erred in denying his motion for summary judgment and his other motions heretofore enumerated.

The introductory or synopsis count of the complaint violates most of the pleading requirements of the Civil Practice Act. It purports to include therein, without alternative allegations, and without specifying the duty violated by any particular defendant, four different causes of action against "defendants," in vague, ambiguous, conclusionary and verbose language. See: Ill Rev Stats 1965, c 110, pars 21(4), 24(3), 33(1) and (2), and 43(1) and (2). It is obvious that it should have been stricken.

 In Count I, the plaintiff attempted to state a cause of action against "defendant" as the result of a stop payment order by a drawer of a check in the amount of $45.75, payable to Brainerd Electronics. The plaintiff alleged that the defendant "unlawfully and in breach of fiduciary duty" marked the check as "payment stopped" and deducted the sum from the plaintiff's account. No facts are pleaded to show why the stop payment order was unlawful. It is elementary that a complaint must contain facts sufficient to establish a duty on the part of the defendant before a cause of action can be stated. Bottorff v. Spence, 36 Ill App2d 128, 130, 183 NE2d 1 (1962); Miller v. First Granite City Nat. Bank, 349 Ill App 347, 351, 110 NE2d 651 (1953).

The following language of Miller v. First Granite City Nat. Bank, supra, at page 353, is most applicable to the case at bar:

"Since the complaint fails to allege that the bank has any funds deposited in plaintiffs' names, nor any facts which give plaintiffs a right to demand from the bank funds or securities which are not deposited

in plaintiffs' names, or the name of any of them, no cause of action is stated, and the court properly dismissed the complaint and entered judgment for defendant."

■ Count I did not state that at the time the check complained of was presented for payment, the bank had on deposit to the credit of the drawer, a sufficient amount of money to pay it. The allegations of Count I were fatally defective in both form and substance.

■ In Counts I, II and IV, four-named defendants, plus an "et al.," are named in the caption thereof, but nowhere in the body of the three counts are any of the defendants mentioned by name. The only reference by the plaintiff to the adverse parties, other than in the prayer for relief, is by the word "defendant." This procedure violates section 21(4) of the Civil Practice Act.

In Arthur Rubloff & Co. v. Leaf, 347 Ill App 191, 197, 106 NE2d 735 (1952), the defendant was sued individually and in a representative capacity. The body of the complaint did not clearly state whether the judgment sought was against the defendant individually or in his representative capacity. The court held the allegations to be indefinite and ambiguous, and that the complaint should have been stricken.

Counts II, III and IV are generally subject to the same objections as to form, as Count I. Count II alleged that the defendant unlawfully and in breach of fiduciary duty failed and refused to honor the plaintiff's demand for withdrawal. The rules of pleading and the citations heretofore set forth with reference to Count I have equal application to Count II.

■ Counts III and IV each purported to allege two causes of action in a single count, without alternative allegations, in violation of section 33(2) of the Civil Practice Act; each alleged cause of action was stated in stultified, vague and prolix language, in violation of section 33(1) of the Civil Practice Act. The counts also appear

to be deficient in substance for the reasons cited in the defendants' motion to strike. The trial court did not err in striking the complaint.

■ The plaintiff's motion for an additional extension of time within which to file an amended complaint asserted that the court was without jurisdiction to proceed with the action in that the plaintiff had filed a petition for mandamus against all of the judges of the Nineteenth Judicial Circuit. The court's denial of the plaintiff's motion did not constitute an abuse of discretion. See: Chicago Land Clearance Commission v. Darrow, 12 Ill2d 365, 370, 371, 146 NE2d 1 (1957).

■■ We also conclude that the trial court properly denied the plaintiff's motion for summary judgment and the various other unorthodox motions heretofore enumerated. The plaintiff's verified motion for summary judgment was filed while the defendants' motion to strike was pending. It merely reaffirmed the matters alleged in the complaint without further elaboration. Rule 191 of the Supreme Court provides:

> "Affidavits . . . shall set forth with particularity the facts upon which the claim, counter claim, or defense is based; shall have attached thereto sworn or certified copies of all papers upon which the affiant relies; shall not consist of conclusion but of facts admissible in evidence. . . ."

(Ill Rev Stats 1967, c 110A, par 191.)

The plaintiff's reaffirmation of his complaint did not constitute compliance with the above rule. In addition, the function of the court, when presented with a motion for summary judgment, is to determine whether a genuine issue existed as to a material fact. Such issue could not be determined in the case at bar until after answer was filed. Lumbermens Mut. Cas. Co. v. Poths, 104 Ill App2d 80, 243 NE2d 40 (1968).

In view of these circumstances, it is our conclusion that the rulings of the trial court were proper, and that the complaint was properly dismissed with prejudice. Accordingly, the judgment of the trial court is affirmed.

Judgment affirmed.

ABRAHAMSON and SEIDENFELD, JJ., concur.