KURTIS B. BRAY, Plaintiff-Appellant, *v.* ILLINOIS NATIONAL BANK OF SPRINGFIELD, Defendant-Appellee.

Fourth District   No. 13156

Opinion filed April 8, 1976.

Michael J. Costello, of Springfield, for appellant.

James M. Drake, of Springfield, for appellee.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Plaintiff, Kurtis B. Bray, filed suit in Sangamon County to recover funds from defendant Illinois National Bank (hereinafter the Bank) which were deposited by John B. Bray. Plaintiff alleged that the deposit of funds by John B. Bray in an account titled "Kurtis B. Bray by John B. Bray—Individual Account or Joint Account without Survivorship—Passbook Time Deposit Account" created a joint account, a completed gift or established an agency relationship such that the Bank could not lawfully pay the funds in the account to anyone other than Kurtis B. Bray. Upon the Bank's motion the trial court dismissed the complaint and also denied plaintiff leave to file an amended complaint. Plaintiff appeals. We affirm the trial court.

On February 24, 1970, John Bray, grandfather of the plaintiff, opened the above described account with a deposit of $20,000. The signature card, which listed the persons who were authorized to withdraw funds listed only John B. Bray. A signature card, stating "Any one of the persons whose signatures appear on the lines below is authorized to withdraw any funds and transact any business in connection with this savings account," was signed by only John Bray.

Subsequent to his remarriage, John Bray executed a change in the account to "John B. or Pat Anna Bray—Joint Account with Survivorship—Passbook Time Deposit Account." The signature card authorized with-

drawals by either John Bray or his wife, whether the other person be living or not. The account number remained the same. Mrs. Bray withdrew all funds upon John's death. Plaintiff has stated at the hearing and in his brief that he had no knowledge of the first deposit, never had possession of the passbook and had no knowledge of the change in the account.

■■ The first issue presented is whether any joint account with Kurtis was created. It is clear under the statute (Ill. Rev. Stat. 1973, ch. 76, par. 2) and the cases that no joint account was created. Section 2(a) of the joint rights and obligations statute states:

"(a) When a deposit in any bank or trust company transacting business in this State has been made or shall hereafter be made in the names of two or more persons payable to them when the account is opened or thereafter, such deposit or any part thereof or any interest or dividend thereon may be paid to any one of said persons whether the other or others be living or not, and when an agreement permitting such payment is signed by all said persons at the time the account is opened or thereafter the receipt or acquittance of the person so paid shall be valid and sufficient discharge from all parties to the bank for any payments so made." Ill. Rev. Stat. 1973, ch. 76, par. 2(a).

This statute has consistently been interpreted to mean that a joint tenancy with the right of survivorship cannot be created in a deposit account except by parties signing an agreement such as the signature card provides. (*Doubler v. Doubler*, 412 Ill. 597, 107 N.E.2d 789; *Frey v. Wubbena*, 26 Ill. 2d 62, 185 N.E.2d 850.) In *Frey* the court discussed the justification for requiring a signed agreement for joint bank accounts, while not requiring a signed writing to create survivorship rights in other kinds of obligations, such as corporate stock stating:

"Corporate stock is issued in fixed units of ownership (shares of stock) and remain fixed, whereas a bank account is fluctuating *res*, subject to daily change in amount by any of the joint owners. Joint tenancy in such an unstable atmosphere as a shifting bank account should be created by contract of the parties detailing their rights and duties under existing statutory authority." 26 Ill. 2d 62, 69, 185 N.E.2d 850, 855. See also *In re Estate of Baxter*, 56 Ill. 2d 223, 306 N.E.2d 304.

■■■ When an account is opened, a contract is made as to how and by whom the money may be drawn out, and when payment is made according to that agreement, the bank is discharged from further liability. (*Miller v. First Granite City National Bank*, 349 Ill. App. 347, 110 N.E.2d 651.) At no time was plaintiff authorized to withdraw funds. Only John Bray was authorized to withdraw funds from the first account and he and

his wife from the second. The bank could not be liable for acting upon the contract as it was made.

Plaintiff argues that the creation of such an account establishes a presumption of a gift and that the burden is upon defendant Bank to overcome that presumption. However, that presumption is predicated upon the existence of an agreement creating joint rights executed in compliance with the statutory requirements. No such agreement is present here. Therefore, there is no presumption for defendant to overcome.

■■ Plaintiff argues alternatively that John Bray made a completed gift *inter vivos*. To establish a gift, the burden is upon the alleged donee to prove by clear and convincing evidence the existence of a donative intent and delivery. (*In re Estate of Schneider*, 6 Ill. 2d 180, 127 N.E.2d 445; *Lipe v. Farmers State Bank*, 131 Ill. App. 2d 1024, 265 N.E.2d 204.) Delivery consists of irrevocable surrender of dominion and control over the subject matter of the gift. In the case at bar plaintiff does not allege any facts to show that he exercised any rights in the account prior to John's death or that the decedent did not maintain control. He admits, in fact, that he never knew of the account and never had possession of the passbook.

Plaintiff cites several cases for the proposition that possession of a passbook is not necessary for delivery of a gift. (*Illinois Trust & Savings Bank v. VanVlack*, 310 Ill. 185, 141 N.E. 546; *Speasl v. National Bank*, 37 Ill. App. 2d 384, 186 N.E.2d 84.) Those cases are clearly distinguishable since in each a joint account was established. Although possession of the passbook is immaterial as between joint depositors, no joint account existed here. ·

Plaintiff argues that the language of the accounts "Kurtis B. Bray by John B. Bray" created an agency relationship and that the trial court erred in refusing to hear evidence on whether a fiduciary relationship existed. Defendant argues that no fiduciary relationship was sufficiently pleaded. Plaintiff's allegation in the complaint is as follows:

> "5. That under the terms of said deposits, defendant agreed not to deliver or pay out the amounts in said account or any part thereof except as authorized in writing by the plaintiff on the basis that it was an agency account pursuant to gift, and that the plaintiff was the principle and John B. Bray was the agent."

In fact, the specific terms of the deposit agreement are in complete opposition to this allegation. As specified in the agreement, the Bank contracted to act only upon the authorization of John B. Bray. Under the deposit agreement plaintiff was not authorized to withdraw funds.

■■ The existence of a contract is a legal conclusion and is not admitted by a motion to strike. The pleader must allege facts sufficient to indicate offer, acceptance and consideration. (*Barnes v. Peoples Gas Light & Coke Co.*, 103 Ill. App. 2d 425, 243 N.E.2d 855.) A general averment of

the relationship of principle and agent is also a legal conclusion. *Parrino v. Landon*, 8 Ill. 2d 468, 134 N.E.2d 311.

■■ In determining the sufficiency of a complaint all facts properly pleaded and all reasonable inferences which can be drawn from them are accepted as true. (*In re Estate of Hansen*, 109 Ill. App. 2d 283, 248 N.E.2d 709.) The question therefore is whether sufficient facts are alleged to state all necessary elements of a cause of action. As defendant points out the only fact alleged is that John B. Bray used the language in the deposit contract of "Kurtis B. Bray, by John B. Bray." Standing alone, as this language does, it is not sufficient to indicate the creation of an agency relationship. Plaintiff alleges no other facts which support or indicate the existence of any agency or fiduciary relationship. The trial court did not err by dismissing the complaint.

The judgment of the circuit court of Sangamon County is affirmed.

Judgment affirmed.

CRAVEN, P. J., and GREEN, J., concur.