Kores Carbon Paper and Ribbons Manufacturing Company, Appellant, v. Western Office Supply Company, Inc., Defendant, and American National Bank and Trust Company of Chicago, Appellee.

Gen. No. 45,898.

■■■■■■■ Opinion filed February 2, 1953. Released for publication February 20, 1953.

AARON TAYMOR, of Chicago, for appellant.

KIRKLAND, FLEMING, GREEN, MARTIN & ELLIS, of Chicago, for appellee; CORNELIUS J. HARRINGTON, JR., and JOHN M. O'CONNOR, JR., both of Chicago, of counsel.

MR. JUSTICE BURKE delivered the opinion of the court.

On May 25, 1951, the municipal court of Chicago entered judgment for the Kores Carbon Paper and Ribbons Manufacturing Corporation and against the Western Office Supply Company, Inc., for $510.15 and costs. The bailiff made a return of *nulla bona* on the execution. On September 7, 1951, an affidavit in garnishment was filed and a summons issued against the American National Bank and Trust Company of Chicago. The summons was served on September 10, 1951. On September 18, 1951, the garnishee answered that it was indebted to the defendant in the sum of $4.80. Plaintiff contested the answer. On a trial without a jury there was a finding and judgment against the garnishee for $4.80. Plaintiff appeals.

The evidence established that on October 9, 1950, defendant opened a checking account with the bank (garnishee) in the amount of $13,000. The account was designated "Western Office Supply Inc., Special Account." A copy of a resolution of the Board of

209

Directors of defendant dated October 22, 1950, was supplied to the bank. The resolution provided that checks against the account "shall require two signatures" and that I. Olenick and Robert Dreffein "are authorized to sign checks." An officer of the bank testified that at the opening of business on March 1, 1951, there was on deposit in the account the sum of $943.40. There was then and thereafter only one check executed against the account bearing the signatures of both I. Olenick and Robert Dreffein in the amount of $20.09, which was presented and charged against the account. During March and April, 1951, no check drawn against the account (except the check for $20.09) was signed or countersigned by Robert Dreffein. The bank honored and charged against the account in the months of March and April, 1951, 27 checks totaling $908.51. These 27 checks were signed by I. Olenick alone. Mr. Dreffein, an attorney at law practicing in Chicago, called as a witness by plaintiff, testified that at the time of the execution of the resolution as to signatures on the checks, he was the attorney for defendant; that the account was established with the proceeds from a policy of fire insurance and deposited in the bank for the purpose of paying off the creditors of defendant; that plaintiff was one of the creditors; that the arrangement for his signature on the checks was made in order to effect the distribution of the funds to the creditors of defendant; that the purpose of the account was not discussed with the bank; that he signed all the checks drawn against the account prior to March 1, 1951, and also signed a check in the amount of $20.09 against the account in March, 1951; that none of the checks charged against the account in the monthly statements of the garnishee for April and May, 1951, except the check for $20.09, bears his signature; and that he had no knowledge of the signing of the checks or that the checks were honored by the bank until the

latter part of May, 1951, at which time he examined the statements for March and April, 1951 and "saw the checks." He said he then observed that the funds had been charged against the account without his signature; that he discussed the matter with an officer of the bank, "complained about the withdrawals and stated that other creditors who had not been paid had made inquiry about these funds"; and that the officer of the bank said "it was none of his concern and that the only one who could complain was" the defendant. An objection by the attorney for the garnishee that "the conversation with the bank officer was improper as witness could not identify the officer" was sustained.

■ Plaintiff maintains that checks could be drawn against the account only on two signatures; that under the resolution the checks were required to be signed by I. Olenick and Robert Dreffein; that at the opening of business on March 1, 1951, the bank records showed there was $943.40 in the account; that Mr. Dreffein signed no checks and had no knowledge of any checks drawn against the account during March and April, 1951, until he examined the bank statements in the latter part of May 1951, at which time he "saw that the 27 checks had been improperly honored"; that there was no authorized reduction of the balance of $943.40 (except to the extent of $20.09); that at the time of the service of the garnishment summons the bank owed defendant $923.31; and that plaintiff is entitled to a judgment against the bank for the amount of its judgment plus costs. The Garnishment Act [Ill. Rev. Stats. 1951, ch. 62, par. 1 et seq.; Jones Ill. Stats. Ann. 109.284 et seq.] provides for the issuance of a summons on affidavit that there is a belief that any other person is indebted to the defendant and that if the garnishee is indebted to the defendant, judgment shall be against the garnishee in favor of the defendant for the use of the plaintiff.

■ Plaintiff in the garnishment proceedings may recover only such indebtedness as the defendant might recover in an action against the bank. A proper payment extinguishes the bank's obligation to its depositor to the extent of the payment. The bank is not liable to the depositor where the latter has received the benefit of the payment. It is conceded by plaintiff that the bank had no notice that the purpose of the deposit was to pay creditors of the defendant. Hence, the testimony as to the purpose of the deposit is immaterial. The checks in dispute were drawn by the defendant but lacked the signature of one of the two persons authorized to sign for it under the terms of the resolution. The defendant could, after the delivery to the bank of the copy of the resolution, arrange with the bank for the honoring of its checks in a different manner than provided in the resolution. Where a depositor learns that invalid checks or orders have been paid from his account, he is under a duty to affirm or disaffirm the payment within a reasonable time. His silence amounts to a ratification which frees the bank of liability. The defendant, by its officers and agents, knew that the checks were being honored on the signature of I. Olenick. From the testimony of Mr. Dreffein it is reasonable to assume that at the time he "complained" to the bank he had no authority to represent the defendant. At the time the garnishment summons was served the checks in question had been honored by the bank. From the record it appears that defendant could not recover on a suit against the bank for the amount represented by any of these checks.

The trial judge was right in deciding that the bank was not indebted to the defendant. Therefore, the judgment of the municipal court of Chicago is affirmed.

*Judgment affirmed.*

Friend, P. J. and Niemeyer, J., concur.