Moline I. F. C. Finance, Inc., Plaintiff-Appellant, v. Donna Soucinek, Defendant-Appellee, and First National Bank of Moline, Illinois, Garnishee-Appellee, and Frank Soucinek, Intervenor-Appellee.

Gen. No. 67–18.

Third District.

January 25, 1968.

Marvin S. Andich and Peter Soble, of Rock Island, for appellant.

Sidney S. Deutsch, of Rock Island, and Joseph Van Hooreweghe, of Moline, for appellee.

ALLOY, P. J.

On November 4, 1966, Moline I. F. C. Finance, Inc., appellant in this cause, took a judgment on a note as against Donna Soucinek, defendant-appellee, in the sum of $2,750. On November 7, 1966, appellant-finance company filed an affidavit for garnishment which was served with interrogatories on the First National Bank of Moline at 3:00 p. m. on November 7, 1966. The summons and interrogatories referred the bank to an account in the name of "Frankie and Dohnnie" in which there was $385.71 on deposit at the time of the garnishment service. After deposit was made that day the account on the next morning showed a balance of $2,257.80. The deposit which was made on the day the garnishment summons was served was the proceeds of a loan from a Bob Halgren to Frank Soucinek in order that Frank Soucinek might cash checks in his tavern. Before the bank answered the summons, Frank Soucinek petitioned to intervene in the garnishment action on the ground that he was the owner of the bank account. The trial court allowed intervention on November 10, 1966, and on the same day heard evidence as to the ownership of the account. Frank Soucinek testified that he was the owner of the account known as "Frankie and Dohnnie." He also testified that he was the owner of the tavern and that the money in the account came from his earnings while working for Deere, Inc., and also from money which was borrowed to start the tavern

258

($500 from his wife's parents and $500 from Deere credit union). This was all done about three months prior to the garnishment.

Frank Soucinek testified that he owned the tavern, but his wife's name was also on the license and she worked tending bar in the tavern and wrote checks to pay for merchandise delivered to the tavern. Donna Soucinek testified she worked in the tavern while her husband was employed at Deere but she now seldom works in the tavern. She also confirmed the $500 loan from her parents. The evidence also disclosed that the "Frankie and Dohnnie" account was opened on August 18, 1966. Donna Soucinek had come to the bank to open the account and she was the "Dohnnie" in the "Frankie and Dohnnie" account. The evidence showed that Frank Soucinek, her husband, was the Frank listed in the account. A temporary signature card was signed by Donna Soucinek and she was given a permanent card to have her husband, Frank Soucinek, sign. The permanent card was never returned and the only record the bank had as to the account was the name of the account, "Frankie and Dohnnie," and the temporary signature card authorizing Donna Soucinek to sign checks on that account.

Following a hearing on the merits the trial court ordered the garnishment quashed and released the bank. Appellant-finance company filed a motion to vacate and amend the garnishment order. This was denied and the plaintiff has appealed to this court.

On appeal in this court, appellant-finance company contends that the trial court's findings were against the manifest weight of the evidence, and also that the intervenor, Frank Soucinek, should be estopped from asserting his claim to the ownership of the funds.

It was clear from the evidence that the account was not the individual account of Donna Soucinek. If the account is considered to be a joint account it is clear from the precedents in this State that the legal effect of a

259

joint bank account is governed by the provisions of the agreement between the bank and its depositors and also that parole evidence may be received to establish the true ownership of the joint bank account (In re Schneider's Estate, 6 Ill2d 180, 127 NE2d 445). From the record in this cause it is clear that the funds in the "Frankie and Dohnnie" account did not belong to Donna Soucinek, and, on the record, Frank Soucinek has clearly sustained the burden of proving his ownership of the account. There was no evidence that the money in the account was the property of anyone other than the intervenor Frank Soucinek. On the basis of the evidence in the record, it cannot be said that the finding of the court was against the manifest weight of the evidence (Nudelman v. Riverview Home Buildings, Inc., 36 Ill App2d 317, 184 NE2d 139).

 The appellant-finance company also contends that Frank Soucinek should be estopped from claiming any interest in the "Frankie and Dohnnie" bank account. There was no evidence that the finance company was in any way misled or lost any legal rights that they might have had in reliance on any conduct on part of intervenor, Frank Soucinek. In the case of Shapera v. Fargo, 240 Ill App 145, the rule in Illinois as to the operation of estoppel is stated (Page 154):

> "Estoppel . . . arises whenever one by his conduct, affirmative or negative, intentionally or through culpable negligence, induces another to believe and have confidence in certain material facts, and the latter having the right to do so, relies and acts thereon, and is as a reasonable and inevitable consequence, misled, to his injury."

 Nothing in the record discloses that Frank Soucinek had done anything which would operate to estop him from claiming his interest in the "Frankie and Dohnnie" account. The mere fact that there was an account in the

bank in the name of "Frankie and Dohnnie" could not estop the intervenor Frank Soucinek from claiming his interest in the account. We, therefore, conclude that there was no basis for invoking the doctrine of estoppel as against Frank Soucinek in this case.

We, therefore, conclude that the trial court properly found that Frank Soucinek was the owner of the acount and that such finding is not against the manifest weight of the evidence. The judgment of the Circuit Court of Rock Island County will, therefore, be affirmed.

Affirmed.

STOUDER and CULBERTSON, JJ., concur.