LUELLA PLOWMAN, Adm'r of the Estate of John Lee Plowman, Deceased, Plaintiff-Appellee, v. JOHN W. EDGINGTON et al., d/b/a BILL's TAVERN, et al., Defendant-Appellants.

(No. 73-423;

Fifth District—August 13, 1974.

Samuel H. Taylor, of Lawrenceville, and Robert L. Douglas, of Robinson, for appellants.

Gosnell, Benecki & Borden, Ltd., of Lawrenceville (Maurice E. Gosnell, of counsel), for appellee.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal from an order entered by the circuit court of Lawrence County denying defendant's, Mildred Edgington's, verifiied written "motion" to vacate and set aside the default judgment entered against her and defendant's verified written "motion" for leave to appear and plead or answer to the complaint previously filed by the plaintiff, Luella Plowman, administrator of the estate of John Lee Plowman.

On October 28, 1971, plaintiff filed a complaint under the Dram Shop Act alleging that the defendant, defendant's husband (John W. Edgington), and other named parties were liable for the death of John Lee Plowman who allegedly died as a direct and proximate result of his consumption of alcoholic liquors at Bill's Tavern, which was allegedly owned and operated by the defendant, defendant's husband, and other named parties. On November 6, 1971, a summons was served on defendant's husband at Bill's Tavern and, at the same time, a separate summons for the defendant was left with defendant's husband. The officer who "served" said summonses did not mail a copy of the summons with postage fully paid to the place of defendant's abode. Defendant's husband died sometime thereafter.

On February 16, 1972, the trial court entered an order stating that:

"On motion of * * * attorneys for Plaintiff, summons in this suit, as it appears from the return of the Sheriff of Lawrence County, thereon, having been duly served upon the Defendants John W. Edgington and Mildred A. Edgington on November 6, 1971;

And said Defendants, John W. Edgington and Mildred A. Edgington, having failed to file an answer or otherwise make appearance herein, they are adjudged in default, and it is ordered that the complaint herein be taken as confessed against the said Defendants."

On July 25, 1972, plaintiff withdrew her demand for a jury trial as to the defendant and her husband. On the same date, July 25, 1972, the trial court "after hearing the evidence of damages" entered a "default judgment order" against the defendant and her husband and assessed damages of $180,000. On March 26, 1973, defendant's attorney filed a verified written "motion," apparently under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 72) asking "for leave to file a Motion to Vacant [sic] Default Judgment * * * entered against the Defendant on the 25th day of July, 1972, for reasons that the Defendant upon information believes she has a valid defense." On April 5, 1973, the trial court, on motion of the plaintiff, ordered that the "default judgment order" of $180,000 against the defendant and her husband be remitted to the sum of $20,000. On April 26, 1973, defendant filed a "Motion to Set Aside Judgment." Attached to said "motion" was an affidavit of the defendant stating in part:

"3. That John W. Edgington on November 7, 1971, engaged an attorney-at-law, licensed in the State of Illinois, and presented to him the summons and complaint in said cause.

4. That the attorney informed my late husband, John W.

Edgington, that Plaintiff's case was without merit and for him to take no further action, that cause would never go to trial.

5. My late husband and I relied upon the advice of the attorney and believed it unnecessary to file an Answer to Plaintiff's Complaint.

6. That I did not receive any notice or have any knowledge of the existence of the default judgment rendered against me therein until on or about March 19, 1973 at which time my attorney, Samuel H. Taylor, informed me that on July 25, 1972, a $180,000.00 judgment, had been entered against me in this matter; judgment has now been remitted to $20,000.00.

7. That my said attorney further informed me that the Complaint herein charges that I caused or contributed to the death of one John Lee Plowman, but in truth and in fact, I did not cause or contribute to the death of said person and am in no way responsible therefor.

8. That immediately upon learning of the existence of said judgment, I instructed my attorney to take necessary steps to set aside and to obtain a trial of said cause upon its merits."

On May 23, 1973, the defendant filed an amended affidavit stating, in addition to points one, six, seven, and eight of her previous affidavit, that:

"2. She was not served with summons in the above entitled cause.

3. That on November 6, 1971, summons was left with her husband, John W. Edgington only, now deceased, at his place of business, Russellville, Illinois.

4. At the time summons was served upon her husband, she was residing in her farm home, situated approximately two miles south of the Town of Russellville, Illinois.

5. That her late husband, John Edgington, at the time of the summons was served upon him, and for many months prior thereto, stayed in a trailer parked behind his place of business four or five nights a week. That summons in the above cause was never served upon her individually or any member of her family at her place of abode."

An answer to defendant's "motion" to set aside judgment was filed on July 2, 1973. Plaintiff argued therein that the defendant appeared twice in this cause, March 25, 1973, and April 26, 1973, without questioning the jurisdiction of the trial court and that thereby defendant waived any jurisdictional defect.

Subsequently, the trial court issued a subpoena for Palmer Allee, the

officer that had "served" the summons on the defendant and her husband. On August 14, 1973, Palmer Allee testified with respect to his knowledge of the facts surrounding the service of the summons on the defendant. He confirmed the fact that he neither served the defendant personally nor mailed a copy of said summons with postage fully paid to the place of defendant's abode. After Palmer Allee testified, the trial court heard counsels' oral arguments on the "motion." On September 13, 1973, the trial court entered its order denying defendant's motions. This appeal is taken therefrom.

■■ It should be noted at the outset that defendant, appellant, has failed to comply with Supreme Court Rule 342 (Ill. Rev. Stat. 1971, ch. 110A, par. 342), in particular defendant has failed, without excuse, to file either excerpts from the record or an adequate abstract of the record. Defendant filed an abstract of the record which consists of three pages devoted entirely to the testimony of Palmer Allee. Not only is there a failure to present other matters of record which are necessary for a full understanding of the question presented for decision, but there is a failure to include "the judgment or order appealed from and the notice of appeal," which as provided in Supreme Court Rule 342(3)(4), "shall always be included." Under such circumstances we need not consider the merits of the case and we may, in our discretion, summarily dismiss the appeal. (*Frederick Chusid & Co. v. Collins Tuttle & Co., Inc.*, 10 Ill. App.3d 818, 295 N.E.2d 74; *Denenberg v. Prudence Mutual Casualty Co.*, 120 Ill.App.2d 68, 256 N.E.2d 71.) Nevertheless, in view of the nature of the case, the circumstances attendant, and the injustice which would result therefrom, we choose to decide the case on the merits.

Although a myriad of cases have considered what degree of statutory compliance is necessary to obtain personal jurisdiction by service of process and a similar number of cases have considered what acts constitute waiver of such defects, the instant case is one of first impression which must be decided on policy grounds. The facts set forth illustrate: first, that a summons was not personally served on the defendant and that the attempted service failed to meet the statutory requirements; second, that a "default judgment order of $180,000, remitted at the request of the plaintiff to $20,000, was entered in favor of the plaintiff and against the defendant; third, that the defendant, through her attorney, filed a general appearance in which it was stated that "she believes she has a valid defense" prior to alleging any jurisdictional defect on the ground that the defendant had not been properly served; fourth, that the defendant was not granted leave to file a motion to vacate and she did not attempt to establish any "valid defense" other than one based

on her jurisdictional claims; and last, that the trial court denied defendant's "motions," which included a "motion" for leave to appear and plead to or answer plaintiff's complaint.

██ Although the preceding synopsis of the facts relevant hereto reveals that the defendant submitted to the jurisdiction of the trial court through her general appearance, there was no hearing on the merits of plaintiff's complaint after such time. The only judicial action thereafter was the hearing on the jurisdictional issue. It thus becomes evident that the defendant has never been afforded an opportunity to set up a "meritorious defense" under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 72).

██ The plaintiff urges this court to deny relief under section 72 on the ground that the defendant's petition does not affirmatively show "both due diligence to protect the petitioner's rights" and a "meritorious defense." We believe, however, that since such time as the trial court acquired jurisdiction over the defendant, the defendant has acted diligently, *i.e.*, without negligence. On the other hand the defendant has not attempted to establish a defense attacking the default judgment on its merits. We must, therefore, decide whether the defendant should be given an opportunity to plead anew and thereby attack the merits of the default judgment rendered prior to the trial court's acquisition of jurisdiction over the defendant.

██ This question should be so resolved as to do substantial justice between the parties. As stated by the court in *Widicus v. Southwestern Electric Cooperative, Inc.*, 26 Ill.App.2d 102, 109, 167 N.E.2d 799:

> "In resolving this problem, a court may well consider whether or not a defendant has a meritorious defense, and whether or not defendant's delay in responding to the court's command actually jeopardizes plaintiff's basic position. But this should not be the only, nor necessarily, the determining factors. It seems to us that the overriding reason should be whether or not justice is being done. * * * What is just and proper must be determined by the facts of each case, not by a hard and fast rule applicable to all situations regardless of the outcome."

 It is a fundamental principle in all proceedings whether common law, statutory, equitable, that a person must have an opportunity of being heard before a court can render judgment against him. In the instant case the defendant should, therefore, be permitted to plead anew under section 72 of the Civil Practice Act and establish whatever "meritorious defense" she may have. Such proceeding is, of course, to be conducted within the purview of section 72 and if the defendant's

petition and affidavit(s) fail to show a meritorious defense *and* due diligence from the time of her first general appearance the trial court should deny defendant's petition and enter judgment therein.

Nothing we have stated in this opinion should be construed as justifying the position of the defendant or implying that either plaintiff's position or defendant's position, as asserted in the pleadings, is or is not justified as a matter of law. The sole purpose of remandment is based upon the determination of this court that on the basis of the record before us the defendant should have her day in court.

■■ Accordingly, the order of the circuit court of Lawrence County is reversed and this cause is remanded with directions that the defendant be allowed to plead anew under section 72 of the Civil Practice Act.

Order reversed and cause remanded with directions.

G. MORAN, P. J., and CARTER, J., concur.