TOSCA MENICOCCI, Plaintiff-Appellant, *v.* THE ARCHER NATIONAL BANK OF CHICAGO, Defendant-Appellee.

First District (3rd Division)   No. 78-716

Opinion filed December 20, 1978.

Robert A. Korenkiewicz, of Chicago, for appellant.

Philip K. Gordon, of Chicago (Geis & Geis, of counsel), for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Tosca Menicocci, brought this action against defendant Archer National Bank of Chicago to recover damages in the amount of $4,256. In a six-count complaint, she alleged in the alternative either a breach of contract or negligence on the part of defendant in the handling of plaintiff's two savings accounts. After a trial without a jury, the trial court entered judgment for defendant. Plaintiff's sole claim on appeal is that the judgment was against the manifest weight of the evidence and clearly erroneous as a matter of law.

Plaintiff testified that she had opened two statement savings accounts:

account no. 110—140—4 in joint tenancy with her niece, Norma Jean Gleason, and account no. 110—141—2 in joint tenancy with her sister, Lena Quiriconi. On two occasions plaintiff went to defendant bank with the intent of withdrawing $300 and $3956 from the account held with her niece. The withdrawals were used in preparation for the niece's wedding and to pay off a debt owed on the niece's automobile. On both occasions, instead of writing 110—140—4 on the withdrawal slip, plaintiff placed the number 110—141—4. The latter number did not correspond to any account in existence at the bank. The plaintiff received the monies requested both times but the amounts were credited in error against the joint account held with plaintiff's sister. Plaintiff received a receipt but it reflected only the amount withdrawn and not the account number. Plaintiff did not become aware of the error until she attempted to withdraw money from the account held with her sister and was informed by the defendant bank that there were insufficient funds for the contemplated withdrawal. At the same time plaintiff learned that her niece, without plaintiff's knowledge, had withdrawn all the funds from the account owned jointly by them. The niece had disappeared, and plaintiff was unable to locate her.

Gloria Dobbins, a teller for defendant bank, testified as an adverse witness under section 60 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 60) that she processed plaintiff's second withdrawal in question. She testified that the day after plaintiff made the withdrawal the witness changed the number on plaintiff's withdrawal slip to make it correspond to the account held with plaintiff's sister. Dobbins did this when informed by the accounting department that the withdrawal had been made on a nonexistent account. Dobbins did not inform plaintiff of this action. Dobbins stated it was customary to pay attention to only the first six digits of an account number, and the first six digits on the withdrawal slip written by plaintiff corresponded to the account held with her sister. After plaintiff rested, defendant also rested without presenting any evidence.

■■ We first must consider defendant's contention that the appeal must be dismissed for plaintiff's failure to file an abstract or excerpts in compliance with Supreme Court Rule 342 (Ill. Rev. Stat. 1977, ch. 110A, par. 342). Under such circumstances, we may summarily dismiss the appeal. (*Plowman v. Edgington* (1974), 21 Ill. App. 3d 410, 315 N.E.2d 338.) In the absence of aggravating circumstances, however, a harsh construction of the rule is to be avoided. (*Dempski v. Dempski* (1963), 27 Ill. 2d 69, 187 N.E.2d 734.) In the present case, we find no absence of good faith and we shall not dismiss the appeal.

Plaintiff contends that the trial court's judgment that no breach of contract occurred was against the manifest weight of the evidence. Plaintiff argues that defendant did not act in conformity with her

instructions and that failure to ascertain the proper account to be credited constitutes such a breach.

A reviewing court will not disturb the trier of fact's determination unless the finding is against the manifest weight of the evidence. (*George F. Mueller & Sons, Inc. v. Northern Illinois Gas Co.* (1975), 32 Ill. App. 3d 249, 336 N.E.2d 185.) In order for a judgment to be contrary to the manifest weight of the evidence, an opposite conclusion must be clearly apparent. *Valasquez v. Yellow Cab Co.* (1975), 32 Ill. App. 3d 934, 337 N.E.2d 365.

■■■ A debtor/creditor relationship exists between the depositor and the bank (*Durkee v. Franklin Savings Association* (1974), 17 Ill. App. 3d 978, 309 N.E.2d 118), and the express or implied contract between the depositor and the bank controls their relationship (*Bieze v. Coca* (1977), 54 Ill. App. 3d 7, 369 N.E.2d 106; *Moline I.F.C. Finance, Inc. v. Soucinek* (1968), 91 Ill. App. 2d 257, 234 N.E.2d 57). The rule governing such a relationship is that as long as the bank acts in accordance with the contract existing between itself and its depositor, the bank is not liable if it makes payments from the depositor's account in conformity with the depositor's orders. (*Bray v. Illinois National Bank* (1976), 37 Ill. App. 3d 286, 345 N.E.2d 503.) Nevertheless, a high standard of contractual responsibility has been imposed on banks in paying money chargeable against their depositors' accounts. *United Milk Products Co. v. Michigan Avenue National Bank* (7th Cir. 1968), 401 F.2d 14; *General Apparel Sales Corp. v. Chase Manhattan Bank* (S.D. N.Y. 1970), 321 F. Supp. 891.

■■ In the present case, all savings accounts and subsequent withdrawals were accepted subject to defendant's bylaws. Under its bylaws, defendant agreed to maintain records of all savings accounts. Implicit in this agreement was defendant's obligation to keep its accounts correctly and to see that transactions were credited properly to the plaintiff's accounts. (See *Tenark Construction Corp. v. Great American Mortgage Investors* (W.D. La. 1977), 431 F. Supp. 863; *People ex rel. Nelson v. Seward State Bk.* (1932), 268 Ill. App. 32.) When defendant's agents learned that plaintiff had withdrawn money on a nonexistent account number, it became incumbent upon defendant to inform the plaintiff and learn her wishes. Although defendant's accounting department informed the teller of the improper account number, the latter unilaterally charged plaintiff's one account without notifying her. We believe that as a matter of law defendant had no authority to charge an account without first making inquiry of plaintiff. We believe the trial court's judgment that the defendant did not breach its contractual duties was against the manifest weight of the evidence.

■■ ■ Defendant maintains, however, that even if it did breach its contract, plaintiff suffered no damages since she received the benefit of the monies withdrawn on both occasions. Relying on *Kores Carbon Paper*

& *Ribbons Manufacturing Co. v. Western Office Supply Co.* (1953), 349 Ill. App. 208, 110 N.E.2d 461, defendant argues that a bank is not liable to a depositor when the latter has received the benefit of the payment. In that case, a judgment creditor sought to recover all funds which the debtor's bank had permitted him to improperly withdraw. At the time of the deposit, the bank had been ordered to pay out only on checks bearing two signatures. The bank nevertheless paid out funds on checks signed by only one person. The court held that the debtor, in receiving the payments, had ratified the bank's honoring of the irregular checks and that the creditor could not recover because the funds were properly paid to the debtor. The court only decided the question of whether the payments were proper under the agreement between the depositor and the bank. The issue in the present case is not whether the payments were proper, but whether the improper charge to her account deprived plaintiff of the benefits from that account. Each account was maintained separately, and plaintiff had rights to the account with her sister which were erroneously charged, separate and apart from her rights to the account with her niece. Defendant was not entitled to treat the accounts interchangeably. When defendant unilaterally charged the account with the sister, plaintiff was deprived of any benefits from that account to the extent of the erroneous charge because the niece had closed out the account containing the $4,256. In a breach of contract action, the proper measure of damages is that amount which will place an injured party in as satisfactory a condition as he would have been had the contract been performed. (*Rankin v. Hojka* (1976), 42 Ill. App. 3d 440, 355 N.E.2d 768; *Wanderer v. Plainfield Carton Corp.* (1976), 40 Ill. App. 3d 552, 351 N.E.2d 630.) Defendant breached its contract with plaintiff, and she proved that she was entitled to recover $4,256 in damages.

In view of our holding, it is unnecessary to consider plaintiff's argument that the trial court's finding that defendant was not guilty of negligence was contrary to the manifest weight of the evidence.

For the reasons stated, the judgment of the circuit court of Cook County in favor of defendant is reversed, and the cause is remanded with directions to enter judgment for plaintiff and against defendant in the amount of $4,256.

Reversed and remanded with directions.

JIGANTI and McGILLICUDDY, JJ., concur.