JOHN T. WINSTON, Plaintiff-Appellee, *v.* TRUSTEES OF THE HOTEL AND RESTAURANT EMPLOYEES AND BARTENDERS INTERNATIONAL UNION WELFARE FUND *et al.*, Defendants-Appellants.

First District (4th Division)   No. 81—2256

Opinion filed October 21, 1982.

Rock, Fusco, Reynolds & Heneghan, of Chicago (John J. Reynolds and William P. Jones, of counsel), for appellants.

Cohn and Flynn, of Chicago (Erwin Cohn, of counsel), for appellee.

JUSTICE LINN delivered the opinion of the court:

Following a hearing on cross-motions for summary judgment, the circuit court of Cook County granted summary judgment for plaintiff, John T. Winston, and against defendants, trustees of the Hotel and Restaurant Employees and Bartenders International Union Welfare Fund and William L. Meyers, Inc. The circuit court's judgment order held that as a matter of law plaintiff was entitled to extended medical disability coverage under the union health and welfare plan that was in dispute.

Defendants appeal, arguing that the trial court erred in basing its decision on the description of coverage in the plan booklet distributed by the defendant trustees to eligible employees under the union welfare plan. Defendants claim that the plan booklet is only a description of the contract of insurance, not the contract itself, and that benefits derive only from trustee action under the plan. Therefore, defendants argue, it was error for the trial court to find that plaintiff was entitled to extended medical benefits on the basis of language in the plan booklet.

We disagree with defendants and affirm the circuit court.

FACTS

Plaintiff was employed by the Conrad Hilton Hotel from 1946 until 1977. He was a member of the Chicago Dining Room Employees, Cooks and Bartenders Union, and was covered under the Hotel and Restaurant Employees and Bartenders International Union Welfare Fund administered by defendants. Plaintiff suffered a heart attack on February 14, 1977 at the age of 62. He was totally disabled and was forced to terminate his employment.

On May 29, 1978, plaintiff submitted an application to defendants for extended medical, hospital, and disability benefits as described on pages 11-12 of the plan booklet distributed to eligible employees by defendants:

> "If an Eligible Employee has become totally disabled and no later than one year after the discontinuance of his eligibility, furnishes written proof satisfactory to the Trustees at the Administrative Office that such total disability still exists, his coverage will be extended as follows: 1. If he qualified for total

disability prior to age 64, his coverage shall be extended for so long as his total disability shall continue \*\*\*."

Defendants denied the requested coverage, informing plaintiff that he was entitled only to extension of his death benefit and denying that the above-quoted paragraph applied to extension of all benefits while he remained totally disabled.

On November 2, 1978, plaintiff filed an action for declaratory judgment and on May 8, 1979, plaintiff filed a motion for summary judgment. On March 19, 1981, plaintiff's case was dismissed for want of prosecution. Plaintiff moved to reinstate the cause on April 3, 1981, and the dismissal for want of prosecution was vacated on April 15, 1981.

Plaintiff again filed a motion for summary judgment, to which defendants responded on June 15, 1981. Defendants stated that the extended benefits provision applied only to death benefits and submitted an affidavit from an employee of defendant William L. Meyers, Inc., in support of this position. Plaintiff had received extended medical benefits from May 31 to August 31, 1980, and defendants claimed that under the provision on pages 22-23 of the plan booklet, which they stated was the only provision for extended medical benefits, this three-month coverage had exhausted the medical extension for which plaintiff was eligible. Defendants also stated that the disputed health and welfare plan was governed by the Employee Retirement Income Security Act (ERISA) (29 U.S.C. sec. 1001 *et seq.* (1976)) and the Labor-Management Relations Act (LMRA) (29 U.S.C. sec. 141 *et seq.* (1976)). Therefore, defendants noted, the trustees' decision to deny benefits should not be overturned unless it was either arbitrary and capricious, unsupported by substantial evidence, or erroneous as a matter of law.

On June 24, 1981, defendants filed a motion for summary judgment. That day, a hearing on both plaintiff's and defendants' motions for summary judgment was held. The trial court found that the provisions on pages 11-12 of the plan booklet were applicable and those on pages 22-23 were not; that as a matter of law plaintiff was entitled to coverage as requested in his motion; and that "to the extent that the Trustees have applied this insurance policy in fashions other than the court has indicated, they acted in an arbitrary, capricious, and unreasonable manner." The trial court accordingly granted summary judgment in favor of plaintiff. Defendants' subsequent motion to reconsider was denied, and defendants appealed.

Opinion

Defendants argue on appeal that summary judgment should have been entered in favor of defendants, and that the entry of summary judgment against defendants constituted reversible error as a matter of law. We disagree.

## I

The first argument advanced by defendants is that because ERISA and LMRA govern this dispute, Federal labor law applies, and the Federal requirements for overturning defendants' decision denying extended coverage were not met. In support of this claim defendants state that the denial of extended medical benefits to plaintiff was consistent with defendants' past practices, was based upon actuarial necessity, and was not arbitrary or capricious or done in bad faith. Plaintiff concedes that ERISA and LMRA apply to this case, but maintains that defendants' actions were arbitrary and capricious and unreasonable, as the trial court found, in that defendants interpreted the plan booklet in a manner contrary to the plain meaning of its language. We agree with plaintiff.

The disputed paragraph, which appears on pages 11-12 of the booklet, is quoted above. The paragraph appears under the heading "Extended Benefit" and unequivocally states that an eligible employee disabled before age 64, as plaintiff was, will receive coverage as long as the disability continues. There is no express or implied limitation of extended coverage to a death benefit only. The extended coverage described on pages 22-23, which defendants claim is applicable to plaintiff, applies to eligible employees who contract any of 10 specified diseases. Plaintiff had a heart attack, not one of these diseases; the trial court thus correctly found that this section is inapplicable to plaintiff. Plaintiff argues persuasively that by making an interpretation of the plan booklet that was contrary to its wording, defendants acted in an arbitrary and capricious manner and read an ambiguity into the plan booklet where no ambiguity in fact existed.

In ruling on a disputed decision by the trustees of a pension plan, the court held as follows in *Snyder v. Titus* (E.D. Va. 1981), 513 F. Supp. 926, 935:

"The Court cannot permit such an unfounded interpretation to deprive an employee of his benefits where he has no way of anticipating such a deprivation upon reading the clear language in the plan in effect at the time of his application. A contrary result, the Court believes, would open the door to a shell game

in the administration of pension plans, frought [*sic*] with potential abuse and caprice.

■ The Court thus holds that a denial of benefits to defendant is, under the plan, arbitrary and capricious, and contrary to the provisions of the pertinent plan."

We find this analysis to be applicable to the instant case, and in view of the clear, unambiguous language of the plan booklet we necessarily hold that defendants' denial of extended benefits to plaintiff was arbitrary and capricious and therefore improper.

The *Snyder* court's trenchant observations point out the errors in defendants' other arguments in support of their denial of benefits to plaintiff. Defendants claim that to grant full medical benefits to a totally disabled employee for life would have a substantial adverse actuarial economic impact on the fund. Defendants cite *Gordon v. ILWU-PMA Benefit Funds* (9th Cir. 1980), 616 F.2d 433, for the proposition that unless this interpretation is unreasonable it must be upheld on review. Conversely, of course, if the interpretation is unreasonable, as we believe this interpretation is, it should be reversed on review. "[A]ny denial of pension benefits promotes the financial integrity of the plan but that certainly does not make the denial rational." (*Snyder v. Titus* (E.D. Va. 1981), 513 F. Supp. 926, 934.) Defendants cannot claim that their decision was proper on the ground that it was consistent with their past practice because "[b]eing consistently wrong can hardly be sanctioned as right." 513 F. Supp. 926, 934.

## II

Defendants' second argument in support of their claim that the entry of summary judgment for plaintiff was erroneous is that the trial judge incorrectly assumed the plan booklet is itself a contract of insurance. They state that "benefits derive only from trustee action as it exists under the Plan, not from the Plan Booklet." To state that the plan booklet is not the insurance contract raises two correlative questions: (1) What is the actual contract of insurance? and (2) What then is the plan booklet? In our judgment, defendants have failed to answer either of these questions satisfactorily, and thus have failed to demonstrate that it was error for the trial court to hold that plaintiff was entitled to the extended benefits set forth in the plan booklet.

In support of their claim that "trustee action" somehow constitutes the contract under which plaintiff was insured, defendants rely on the trust agreement of the union health and welfare trust, which gives the trustees power "to determine all questions of eligibility." Even if it were possible for an unwritten, unlimited, constantly mut-

able contract deriving solely from trustee action to exist, such a contract could not be derived from this grant of authority over eligibility. The question here is not eligibility, but extent of coverage, and this claim by defendants is accordingly lacking in merit.

Defendants also claim that the plan booklet is a "summary plan description" whose purpose is to provide general, but not detailed, information "concerning a particular plan." Defendants have not explained their failure to submit to the court any alternative document or insurance contract describing the plan in detail. They quote the following paragraph in the booklet to establish that the booklet is not the contract: "The provisions of the Plan affecting the Eligible Employees' coverage are described in this booklet. All benefits herein are governed by and are subject in every respect to the provisions of the Plan which alone constitute the agreements under which payments are made."

Defendants' distribution of the plan booklet containing the statement that coverage is described in it, in our judgment, can in no way be interpreted as sufficient warning that the coverage described could and would be denied at the sole discretion of the trustees. In our view, after plaintiff has made a claim based on the described coverage, which he reasonably expected to be honored, defendants should be estopped from denying the correctness of their own publication. " 'Estoppel *** arises whenever one by his conduct, affirmative or negative, intentionally or through culpable negligence, induces another to believe and have confidence in certain material facts, and the latter having the right to do so, relies and acts thereon, and is, as a reasonable and inevitable consequence, misled, to his injury.' " (*Moline I.F.C. Finance, Inc. v. Soucinek* (1968), 91 Ill. App. 2d 257, 260, 234 N.E.2d 57, 59, quoting *Shapera v. Fargo* (1926), 240 Ill. App. 145, 154.) We believe that the foregoing estoppel principles are applicable here.

For all the reasons stated above, we affirm the decision of the trial court.

Affirmed.

JOHNSON, P.J., and ROMITI, J., concur.