**BILL MANNING, INC., a Colorado corporation, Plaintiff-Appellee,**

v.

**DENVER WEST BANK AND TRUST, a Colorado corporation, Defendant-Appellant.**

No. 82CA0299.

Colorado Court of Appeals, Div. II.

Sept. 27, 1984.

Rehearing Denied Nov. 8, 1984.

Certiorari Denied March 18, 1985.

William A. Powers, P.C., William A. Powers, Peggy A. Burns, Littleton, for plaintiff-appellee.

Ellis, King & Schwidetzky, Del J. Ellis, Denver, for defendant-appellant.

SMITH, Judge.

Defendant, Denver West Bank and Trust, appeals from that portion of a judgment for plaintiff, Bill Manning, Inc., which awarded plaintiff exemplary and consequential damages and attorney fees for a frivolous and groundless defense. We affirm in part and reverse in part.

The evidence at trial established that, on December 15, 1980, Bill Manning opened a checking account at the bank on behalf of Bill Manning, Inc., a corporation. Between January 15 and February 11, 1981, the bank made six payments from the account totalling $4,850 to an individual who presented withdrawal slips bearing Manning's forged signature. Manning advised the bank of the unauthorized withdrawals and signed affidavits of forgery on April 16, 1981. Despite Manning's demands, the bank refused to recredit the account and, according to Manning's testimony, offered no justification for the refusal.

Bill Manning, Inc., then brought suit for conversion of the $4,850, and for exemplary damages. It thereafter sought attorney fees for what it argued was a frivolous or groundless defense. The trial court awarded $4,850 for the funds paid on the withdrawal slips, $4,500 attorney fees, $5,000 consequential damages for the time spent by Manning in attempting to recover the deposited money, and $5,000 in exemplary damages.

## I.

On appeal, the bank has elected not to seek review of the imposition of liability for the amount of the deposit, but contends that the trial court erred in awarding exemplary damages and attorney fees. We disagree.

Section 13-21-102, C.R.S. provides for an award of exemplary damages if "the injury complained of is attended by circumstances of ... a wanton and reckless disregard of the injured party's rights and feelings." The allowance or denial of such damages rests in the discretion of the trier of fact. *Mince v. Butters*, 200 Colo. 501, 616 P.2d 127 (1980).

Here, the trial court, which heard the case without a jury, found that the bank's actions were "in the outrageous category, extreme in nature, done recklessly, with the intent to cause emotional distress." The court further found that following the discovery of the forgeries and despite the absence of any evidence of collusion by Manning in the forgeries, the officers of the bank refused to respond to Manning's numerous oral and written requests for an explanation of the bank's refusal to recredit plaintiff's account and refused even to return his telephone calls. Since the record supports these findings, we may not disturb them on appeal. *Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979).

## II.

The bank contends next that the trial court erred in awarding consequential damages for the time that Manning "took off from his job ... in prosecuting this case." We agree.

In Manning's testimony he estimated that he had spent between 350 and 400 hours "trying to straighten this matter out," of which 127 hours was allegedly recorded in an appointment book. However, there was no evidence that the time Manning spent corresponded to any loss suffered by plaintiff, Bill Manning, Inc. Indeed, the only evidence of lost profits by the corporation concerned lost business opportunities, for which no award of damages was made. The failure to connect Manning's expenditure of time to any loss suffered by plaintiff precludes any award of damages for that time.

## III.

The bank's final contention is that the trial court erred in awarding attorney fees based upon the assertion of frivolous and groundless defenses. We agree.

■ Section 13–17–101(3), C.R.S. (1983 Cum.Supp.) provides that attorney fees may be awarded if the trial court determines "that the ... defense of the action against the party entitled to such award was frivolous or groundless." A defense is frivolous "if the proponent can present no rational argument based on the evidence or law in support of his or her ... defense"; a defense is groundless "if it is not supported by any credible evidence at trial." *International Technical Instruments, Inc. v. Engineering Measurements Co.*, 678 P.2d 558 (Colo.App.1983).

The substance of the bank's defense was that the bank exercised reasonable commercial standards in paying on the forged withdrawal slips, and that Manning was negligent in permitting the forger access to the withdrawal slips and an example of his signature. This defense must be evaluated in light of the legal standards controlling liability of banks for payments made on forged withdrawal slips.

Colorado has no post-U.C.C. cases setting forth the standard of a bank's liability for payments made on forged withdrawal slips. Among other jurisdictions there exists a division of authority between those holding that the U.C.C. rules applicable to forged negotiable instruments apply also to forged withdrawal slips, *see Maddox v. First Westroads Bank*, 199 Neb. 81, 256 N.W.2d 647 (1977), and those holding that common law debtor-creditor principles control. *See Gillen v. Maryland National Bank*, 274 Md. 96, 333 A.2d 329 (1975); *Novak v. Greater New York Savings Bank*, 30 N.Y.2d 136, 331 N.Y.S.2d 377, 282 N.E.2d 285 (1972). *See also Menicocci v. Archer National Bank*, 67 Ill.App.3d 388, 24 Ill. Dec. 296, 385 N.E.2d 63 (1978) ("high standard of contractual responsibility").

Under the U.C.C., a customer may be estopped from denying a signature if the customer's own negligence permitted the making of the unauthorized signature. Section 4–3–404, C.R.S. (Official Comment 4); § 4–3–406, C.R.S. However, the bank may assert such negligence only if it acted in accordance with reasonable commercial standards. Section 4–3–406, C.R.S. *See J. White & R. Summers, Uniform Commercial Code* § 16–6 (1980).

The trial court apparently applied the U.C.C. standard and found against the bank on disputed evidence. In view of the bank's election not to appeal on the issue of its liability for repayment of the amounts it paid out on the forged withdrawal slips, we need not address the issue whether the trial court applied the proper standard.

■ We conclude, however, that given the absence of Colorado authority on this issue and the division of authority in foreign jurisdictions, a justiciable question existed as to the standard by which the Bank's liability was to be measured. Moreover, even under the U.C.C. standard, the bank presented an arguable defense by presenting some evidence that it acted in accordance with commercially reasonable standards and that Manning's alleged negligence contributed to the making of the forgeries. Accordingly, the bank's defense of the liability claim was neither frivolous nor groundless.

■ Likewise the bank's defense as to the exemplary damages claim was neither frivolous or groundless. While there was sufficient evidence to support the trial court's conclusion that the bank's conduct after the discovery of the forgery manifested a wanton and reckless disregard of plaintiff's rights and feelings, such determination was made based upon disputed evidence, and does not preclude a determination that the bank's defense against the other claims at trial was not frivolous or groundless.

The judgment is affirmed as to the award of actual and exemplary damages and is reversed as to the award of consequential damages and attorney fees.

ENOCH, C.J., and BABCOCK, J., concur.