LEON MILLER, Plaintiff-Appellant, v. SCHOLLE CORPORATION, Defendant-Appellee.

Second District   No. 2—88—0418

Opinion filed January 6, 1989.—Rehearing denied February 7, 1989.

Christine M. Ory, of Perregrine, Stime, Newman, Ritzman & Bruckner, Ltd., of Wheaton, for appellant.

E. Paul Lanphier, of E. Paul Lanphier, Ltd., of Elmhurst, for appellee.

JUSTICE INGLIS delivered the opinion of the court:

Plaintiff, Leon Miller, appeals from a judgment in favor of defendant, Scholle Corporation, in plaintiff's action for retroactive disability and pension benefits. Plaintiff contends that: (1) the trial court's decision was against the manifest weight of the evidence; (2) plaintiff satisfied the requirements to qualify for his pension; (3) defendant administered the plan in bad faith; (4) Federal law does not apply to plaintiff's bad-faith claim; and (5) plaintiff is entitled to prejudgment interest. We affirm.

The parties stipulated to the admission of certain facts and evidence before trial. The facts stipulated to were as follows: (1) plaintiff left defendant's employ on July 29, 1977, to move to California; (2) from July 1977 to no later than January 1984, plaintiff did not apply to defendant for disability or pension benefits; (3) plaintiff applied for benefits on February 1, 1984; and (4) as of July 8, 1977, plaintiff was 55 years old and had worked for defendant for more than 18 years.

The parties also agreed to the introduction of certain documents in evidence. These included correspondence between plaintiff and defendant, a 1983 decision of the Social Security Administration finding that plaintiff was disabled as of July 1977, defendant's retirement plan, and plaintiff's evidence deposition.

Defendant's retirement plan for its employees provides in pertinent part:

"2.4—DISABILITY RETIREMENT AND RETIREMENT INCOME

A participant, who on or after the effective date and after having both attained his 50th birthday and completed at least 10 years of credited service (i) becomes subject to 'total and permanent disability', (ii) continues to be so disabled for a period of 6 consecutive months, and (iii) in the opinion of a qualified physician selected by the committee, is likely to remain so disabled continuously and permanently, will be retired pursuant to the provisions of this section and will receive a disability income in the amounts stated in Paragraph (D) below, subject to all of the terms and conditions of the plan; provided, that a disability pension shall be payable only for the period of time when a participant is eligible for and receives disability benefits under the Social Security Act. The term 'total and permanent disability' means permanent inability to engage in any occupation or employment for remuneration or profit.

\* \* \*

3.1—APPLICATION REQUIRED FOR BENEFITS

Notwithstanding any provision of the plan to the contrary, benefits shall not commence under the plan unless and until a proper application therefor shall have been filed with the retirement committee. Each application for a benefit shall be in writing on a form provided by the retirement committee for such purpose and shall be filed with the retirement committee within the period, if any, specified in the applicable provisions of the plan."

Plaintiff stated at his evidence deposition that he quit working for defendant in 1977. He stated that he applied for social security disability benefits in 1981, and those benefits were granted in 1983. He also stated that he did not request his pension and disability benefits from defendant until after he received the favorable judgment from the Social Security Administration in 1983. In January 1984, plaintiff wrote an informal letter to a representative of defendant inquiring about the status of his pension. On February 1, 1984, plaintiff formally applied for his benefits. Plaintiff began receiving his retirement benefits effective January 1, 1984, and those benefits were subsequently increased and computed on a disability basis. Plaintiff sought and was denied disability benefits retroactive to July 1977. Plaintiff brought the instant action, and the trial court ruled in defendant's fa-

vor. The trial court found that the plan administrator's decision was not arbitrary and capricious because plaintiff did not present defendant with sufficient evidence that he was disabled in 1977. This appeal ensued.

■ Initially, we first address whether the Employee Retirement Income Security Act (29 U.S.C.A. §1001 *et seq.* (West 1982)) preempts State law in this case. State laws are preempted by that statute where the conduct complained of is part of or arises from the administration of an employee benefit plan. (See 29 U.S.C.A. §1144(a) (West 1982); *Gadsby v. Health Insurance Administration, Inc.* (1988), 168 Ill. App. 3d 460, 466.) There is no question that the dispute in this case involves plaintiff's rights under a pension and disability plan. Therefore, we conclude that State law is preempted in analyzing the substantive issues in this case.

■ We next consider plaintiff's contention that defendant did not administer the plan in good faith. Because plaintiff raises this contention for the first time on appeal, we consider it waived. See *Shell Oil Co. v. Department of Revenue* (1983), 95 Ill. 2d 541, 550.

■ We now turn to the basic issue involved in this case, which is whether the trial court's decision was erroneous. This court will not disturb a trial court's judgment unless it is against the manifest weight of the evidence. (*Spec-Cast, Inc. v. First National Bank & Trust Co.* (1987), 168 Ill. App. 3d 615, 617.) In the present case, the trial court determined that defendant's action was not arbitrary and capricious. After reviewing the record, we conclude that the trial court's decision was not against the manifest weight of the evidence.

■ ■ While plaintiff discusses in detail why he was qualified to receive benefits in July 1977, he neglects one major prerequisite which he did not satisfy until January 1984. Section 3.1 of defendant's retirement plan states unambiguously that benefits shall not commence until the employee files a written application for the benefits with the retirement committee.

The record indicates that plaintiff's first informal request for benefits was made in January 1984, with an official request made to the retirement committee in February 1984. After plaintiff filed this official application, he received both pension and disability benefits from the company effective from January 1984. While plaintiff makes much of the fact that his status was the same before and after January 1984, his application in January 1984 was the final condition which needed to be met in order to receive benefits. While this was not the reasoning used by the trial court in ruling for defendant, we may affirm a judgment on any basis in the record. (*Material Service Corp. v.*

*Department of Revenue* (1983), 98 Ill. 2d 382, 387.) Therefore, we conclude that the trial court's judgment was not against the manifest weight of the evidence. This result obviates the need for us to consider plaintiff's contention regarding prejudgment interest.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

UNVERZAGT, P.J., and DUNN J., concur.